473 P.2d 496

**WINEGLASS RANCHES, INC., Appellant,**

**v.**

**Gilbert A. CAMPBELL and Myrtle G. Campbell, his wife, and Robert M. Campbell and Mary K. Campbell, his wife, Appellees.**

**WINEGLASS RANCHES, INC., Appellant,**

**v.**

**CERENE PROPERTIES, INC., Appellee.**

Nos. 1 CA–CIV 735, 1 CA–CIV 736.

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 19, 1970.

Rehearing Denied Sept. 25, 1970.
Review Denied Dec. 1, 1970.

572

Renaud, Cook, Miller & Cordova, by Bradley J. Walsh, Phoenix, for appellant.

Richard Walraven, Prescott, for appellees.

HAIRE, Judge.

This appeal grows out of a protracted and many-sided controversy over rights in a 5,000 acre tract of land in Yavapai County. There were many parties to the litigation in the trial court, but this appeal involves only the appellant, Wineglass Ranches, Inc., hereinafter Wineglass, and the "Campbell group", consisting of Gilbert A. Campbell, his wife, son, and daughter-in-law, the appellees.[1] We shall only refer to such facts as are essential to disposition of the issues on appeal.

In 1959, Wineglass agreed to sell and the Campbells agreed to purchase the 5,000 acre tract under an escrow agreement of 15 years' duration. The agreement contained a provision for the release of acreage to the purchasers, subject to the lien of an existing mortgage assumed by the Campbells, at the rate of $150.00 per acre, but the agreement did not clearly specify whether the Campbells' release rights were to be based upon (1) every dollar paid, whether principal or interest, or (2) principal payments alone.

Also in 1959, the Campbells entered into a 15 year escrow agreement to sell 3,000 of the 5,000 acres to Coronado Land Company. Essentially, for its part, Coronado agreed to assume the Campbells' obligations in their contract with Wineglass and the pre-existing mortgage. Coronado failed to meet its obligations, and in 1962 it assigned its vendee's interest in the 3,000 acres to Cerene Properties, Inc. By another long term escrow agreement entered into in May 1962, to which Cerene Properties, the Campbells and Wineglass were

parties, Cerene Properties also contracted with the Campbells to purchase the remaining 2,000 acres of the 5,000 acre tract. Wineglass had previously commenced a forfeiture proceeding against the Campbells, and in this May 1962 agreement concerning the 2,000 acre parcel it agreed to dismiss the forfeiture proceeding, essentially in return for the following option provision in the agreement:

"In event that rights of [Cerene Properties, Inc.] * * * as set forth herein are forfeited and cancelled the parties herein grant and agree that Wineglass Ranches, Inc. or nominees have 30 day notification of that event to purchase in accordance with the terms herein for the then balance by paying the amounts unpaid which caused said forfeiture within said 30 days."

At about the same time, without the knowledge of the Campbells, Cerene Properties and Wineglass entered into a "joint venture" agreement looking toward the possible development of the whole 5,000 acre tract.

The trial judge found and it is undisputed here that Coronado and Cerene Properties were in default in their obligations to the Campbells with respect to the 3,000 acres from and after October 1, 1963. The trial judge likewise found that Cerene Properties was in default in its obligations with respect to the 2,000 acre parcel from and after January 2, 1963. On July 22, 1963, the Campbells sent Cerene Properties and Wineglass a declaration of forfeiture with respect to the 2,000 acre parcel. Reference was made in the declaration to a $75,000.00 principal payment due in January 1963, and a portion of the instrument directly addressed to Wineglass stated that the latter's 30 day option period would commence 10 days after posting unless the default was cured within that time. Another declaration of forfeiture was sent out about a year later, apparently because Cerene Properties had assigned its interest

---

[1] While Cerene Properties, Inc., is technically a party appellee in Civ. 736, it did not make any appearance or file any brief in this Court.

subsequent to the July 22, 1963 notice. Wineglass did not take any steps to exercise the option granted to it under the May 1962 agreement.

Three separate lawsuits were consolidated for trial. In one lawsuit, No. 23836, the Campbells sought to have the forfeiture of Coronado and Cerene Properties and all those claiming under them judicially declared. The basic object of this suit, according to the Campbells, was to enable them to regain possession of the entire 5,000 acres, and to recover various elements of damage. Wineglass was not a party defendant in this suit No. 23836.

In a second lawsuit, No. 22598, Wineglass sought specific performance of its "joint venture" agreement with Cerene Properties. In this suit, Wineglass claimed the right to a conveyance of a one-half interest in the entire 5,000 acre tract from Cerene. The Campbells were not parties to this suit No. 22598.

The third and only suit in which Wineglass and the Campbells were adverse parties was No. 23822, a quiet title suit instituted by the Campbells against Wineglass, and also numerous other parties. The "First Cause of Action" in No. 23822 sought a declaration that the Campbells were the fee owners of some 450 acres of land in Section 4 which was a part of some 929 acres which had been deeded to them as a release of acreage by Wineglass in 1964. The Campbells' "Second Cause of Action" in No. 23822 concerned another some 1150 acres of land within the 3,000 acre parcel. In this "Second Cause of Action", however, the rights which the Campbells alleged in the quiet title action were expressly stated to be subject to the rights and interest of Wineglass under the original Wineglass-to-Campbells agreement. Wineglass counterclaimed against the Campbells in No. 23822, asserting alternatively an option right on all of the 5,000 acres or a right to the conveyance of a one-half interest from Cerene Properties if

the latter still had a vendee's interest in the land. None of the allegations in No. 23822, however, indicated the presence of a controversy between Wineglass and the Campbells over the meaning and effect of the release provisions of their agreement.

After a trial lasting three weeks, the trial judge issued comprehensive findings of fact and conclusions of law and a judgment which generally resolved all of the issues in the Campbells' favor. With respect to No. 23836, the interests of Coronado and Cerene Properties were found to have been forfeited. With respect to No. 23822, critical here, the Campbells were declared to be the fee owners of the 450 acres which was the subject of their "First Cause of Action", and of all of the remaining 929 acres deeded to them by Wineglass. These holdings are not challenged on appeal. Nor is the ruling of the trial judge with respect to the allegations of the Campbells' "Second Cause of Action", in which it was held in accordance with such allegations that the rights of the Campbells in the 1150 acres in question were subject only to the rights of Wineglass under their 1959 agreement.

The counterclaim of Wineglass was denied (as was its claim for specific performance in No 22598). Denial of the counterclaim insofar as it asserts an existing optional right to purchase in Wineglass is disputed on appeal, but the sharpest controversy surrounds a further ruling by the trial judge, that the Campbells were entitled to a deed from Wineglass releasing more than 800 acres of land in addition to the 929 acres previously released. This ruling was predicated upon a construction of the release provisions of the Wineglass-Campbell agreement to mean that the Campbells were entitled to have released to them one acre for every $150.00 paid on the purchase price, whether principal or interest. This holding calling for release of additional land by Wineglass is embodied in paragraph 16 of the judgment.

As to the portion of the judgment last referred to, appellant contends that the underlying issue was never presented by the parties in No. 23822 to the trial court for resolution. We are constrained to agree, and, in our view, the judgment must be modified in this one respect.

The proper construction of the release provisions was the subject of overt dispute between the Campbells and Wineglass for at least well over a year prior to trial. Yet the issue is nowhere referred to in the pleadings in No. 23822. The care with which the Campbells pleaded other aspects of the litigation is demonstrated by the fact indicated in the record that their complaint in No. 23836 was amended three times. The Campbells' attorneys attended a full dress pretrial conference at which the necessity of all parties stating all claims to be adjudicated was strongly emphasized, and did not indicate that the effect to be given the release provisions was an issue *between the Campbells and Wineglass*, or that the Campbells sought an enforcement of such provisions. Only counsel for Cerene Properties brought in issue release provisions in the Wineglass-Campbell agreement, this being in connection with a defensive claim by Cerene in No. 23836 that the Campbells had failed in their duty to secure the release of land from Wineglass for rerelease to Cerene. But assertion by Cerene or others of a position with respect to the release provisions in No. 23836 did not serve to import the issue into Cause No. 23822 between the Campbells and Wineglass. Consolidation of the cases for trial did not work a merger of issues or cause Wineglass to become a party to No. 23836. *See* Torosian v. Paulos, 82 Ariz. 304, 315–316, 313 P.2d 382, 390 (1957).[2]

The Campbells assert that the issue was tried by consent. They cite testimony of an official and attorney for Wineglass which touched upon the release provisions and the Campbells' demands with respect to them. An attorney for the Campbells objected to this line of testimony, but the trial judge permitted it because, as he noted, "[t]he matter of releases was brought up by the other Defendant [Cerene Properties]."[3] As late as near the end of the eleventh volume of a thirteen volume trial transcript, the Campbells' attorneys effectively objected to testimony concerning releases as immaterial and not relevant.[4] The first indication that we have found that the Campbells considered their release rights an issue *vis-a-vis* Wineglass is in a post-trial memorandum. We are unable to find anything said or done by the attorney for Wineglass at the trial which placed the matter in issue, in Case No. 23822.

Far from finding a trial of the issue by consent, we perceive instead a clear intention by both parties, each undoubtedly for their own reasons, to keep the release issue out of the adjudicatory arena in this particular litigation. That both parties moved at the end of the trial to conform their pleadings to the evidence does not alter the situation. The purpose of such a motion is to " * * * bring the pleadings in line with the actual issues upon which the case was tried * * *." 3 J. Moore, Federal Practice § 15.13[2] at 991 (2d ed. 1953). Here, the issue of releases never did become an "actual issue" in No. 23822. We have no disagreement with appellees' statement from Chantler v. Wood, 6 Ariz. App. 134, 138, 430 P.2d 713, 717 (1967), to the effect that every interest in land, legal or equitable, *may be* determined in a quiet title action. Nor do we favor resolution of controversies by halves or piecemeal litigation. But parties may limit the scope of litigation if they choose, and if an issue is

---

2. Opinion modified immaterially at 82 Ariz. 404, 313 P.2d 1120 (1957).

3. Trial Transcript, Vol. IX, p. 147.

4. Trial Transcript, Vol. XI, p. 163.

clearly withheld, the court cannot nevertheless adjudicate it and grant corresponding relief. Here, the Campbells narrowly limited the scope of their pleadings in No. 23822, and did nothing to enlarge them in pretrial proceedings or at the trial. Nor did Wineglass broaden the scope of the lawsuit. Its counterclaim did assert some interest in the 5,000 acres, but the interest was specifically tied to its asserted option rights or rights under its joint venture agreement with Cerene Properties. The release issue was raised in neither the counterclaim nor the reply filed by the Campbells.

We accordingly hold that paragraph 16 of the judgment erroneously grants the Campbells relief beyond that which they sought. The paragraph stands independently of the remainder of the judgment, and the error may be corrected simply by deleting paragraph 16. Nothing herein is to be taken as indicating any approval or disapproval of the trial court's interpretation of the release provisions in question.

We can briefly dispose of appellant's remaining contentions. It is asserted that the option given to Wineglass by the Campbells is still in existence. It is suggested that the 30 day option period does not commence until forfeiture is finally adjudicated in a court of law. We think appellant is much closer to being correct when it states, in a portion of its reply brief directed to another issue, that " * * nonpayment alone creates the forfeiture. Sturm v. Heim, 95 Ariz. 300, 389 P.2d 702 [1964]." Wineglass does not contend that a court adjudication was prerequisite to a valid forfeiture of Cerene Properties' interest, or that a declaration of forfeiture by the Campbells could not be effective. There is no contention on appeal that Wineglass did not receive the declarations of forfeiture referred to above. We think that the Campbells' notice to Wineglass

was sufficient under the terms of the option, and that at the latest Wineglass was required to exercise its option within 30 days after receipt of the July 3, 1964 notice. We need not deal with the further contention that the option extended to all 5,000 acres.

Wineglass asserts that the judgment erroneously refers to the Campbells as "owners" of the whole 5,000 acre tract. Paragraph 11 of the judgment states that " * * * Plaintiffs CAMPBELL are the owners of the vendee's interest in the [5,-000 acres] * * * subject only to the recorded interest of WINEGLASS RANCHES, INC. [and a mortgage lien] * * *." Apart from paragraph 16, discussed above, we find no part of the judgment which, if properly read in the context of paragraph 11 and the other provisions of the judgment, purports to grant the Campbells more by way of unqualified ownership or Wineglass any less than that to which both are entitled.

Wineglass claims that the trial court erred in taxing the total costs of the consolidated actions against it. Wineglass was not singled out to bear costs; costs were taxed against all of the defendants in the three cases consolidated for trial. Be that as it may, appellees state in their reply brief in this Court that " * * * all costs alleged in the consolidated actions were satisfied by an execution against Cerene; Appellees make no claim for said costs against Wineglass." It is plain that Wineglass' ox cannot be gored with respect to costs, and there is no need of our determining the issue.

Finally, it is claimed that the trial court erred in inserting the following provision into the judgment:

"That Plaintiffs CAMPBELL may apply from time to time at the foot of this judgment for such further instructions

and relief as may be equitable and proper."

As previously stated, Case No. 23836 was prosecuted by the Campbells to regain possession of the 5,000 acres, which persons claiming under Cerene Properties had continued to occupy. Courts have inherent power to enforce the terms of their judgments. The provision in question may be reasonably construed as an explicit statement of this power. As such, it is not erroneous.

The judgment is hereby modified by the deletion of paragraph 16. As so modified, the judgment is affirmed.

EUBANK, P. J., and CAMERON, J., concur.

*Note:* Judge EINO M. JACOBSON having requested that he be relieved from consideration in this matter, Judge JAMES DUKE CAMERON was called to sit in his stead and participate in the determination of this decision.