Keith B. COMBE, Plaintiff
and Respondent,

v.

WARREN'S FAMILY DRIVE–INNS,
INC., a Utah Corporation; Dean Tag-
gart and Marilyn Taggart, husband and
wife, and J. Richard Bell, Defendants
and Appellants.

WARREN'S DRIVE–INNS, INC., a Utah
Corporation, Plaintiff and Appellant,

v.

Keith B. COMBE, dba Warren's Family
Drive-Inns; and Schmidt, Hazen,
Smith, and James & Co., a Utah Profes-
sional Corporation, Defendants and Re-
spondents.

Nos. 18513, 18447.

Supreme Court of Utah.

April 3, 1984.

J. Richard Bell, Salt Lake City, for Warren's.

David J. Knowlton, Ogden, for Combe.

HOWE, Justice:

This appeal involves two lawsuits consolidated for trial.

Warren's Family Drive-Inns, Inc. (the "Corporation") was formed under Utah law in 1971 for the purpose of engaging in fast food service. All of the stock was sold to Keith Combe and Dean Taggart in 1973 for a down payment of $10,000, Combe receiving 49% of the stock and Taggart 51%. The two principal assets of the Corporation consisted of the Roy unit and the Riverdale unit, two drive-in restaurants under leasehold. Taggart operated the Roy unit and Combe the Riverdale unit. In 1976, the Roy unit was remodeled at a cost of $32,-000, financed by a corporate loan guaranteed by Taggart personally. Some time later the Corporation embarked upon the remodeling of the Riverdale unit at an estimated cost of $68,000, but that plan was abandoned when it was discovered that the foundation was termite-infested. Combe suggested that the Corporation buy the land, raze and rebuild the drive-in at an estimated cost of $350,000, but Taggart refused to underwrite and personally guarantee a loan to finance an undertaking of that magnitude. Combe then arranged a corporate loan for that amount, personally guaranteed by him and his wife to purchase the land and rebuild the Riverdale structure from the ground. The uniform real estate contract and closing statement for the purchase of the land, as well as the warranty deed, showed the Corporation as the buyer. The trust deed and note were signed by Combe as president of the Corporation. The Riverdale unit resumed operation in April of 1978.

Until a disagreement between Combe and Taggart arose over the Riverdale unit, all funds received from both operations went into a joint account. The two shareholders drew bonuses in equal amounts. Their meetings were informal, but minutes of meetings were brought up to date in 1976 to reflect corporate business between 1973 and 1976. Meetings thereafter were held at least once a year. The last corporate income tax filing on the Riverdale operation was made for the fiscal year ending September 30, 1978. Thereafter, the Corporation received two filing extensions while awaiting Combe's records on the Riverdale operation. In April 1980, Combe was removed as president of the Corporation when it was learned that he had filed tax returns as sole proprietor of the Riverdale operation, but throughout the period here at issue he remained on the board of directors. Two ensuing actions grew out of that parting of the ways between Taggart and Combe and, inferentially, between the Roy and Riverdale units.

In *Combe v. Warren's Family Drive-Inns, Inc., et al.*, Combe, as shareholder of 49% of the outstanding stock, sued the Corporation to enforce his request for inspection of the corporate books and records. His prayer for relief asked for the statutory penalty pursuant to U.C.A., 1953, § 16–10–47(c), (10% of the value of the shares or $5,000, whichever is the lesser amount) and for an order requiring the Corporation to produce its books and records.

In *Warren's Family Drive-Inns, Inc. v. Combe, et al.*, the Corporation sued Combe as a member of the board of directors of the Corporation and its former president, alleging six separate causes of action. The

relief sought included (1) production of corporate books and records; (2) reimbursement of corporate funds expended by the Corporation for the use and benefit of Combe; (3) an injunction against Combe from future use of a corporate logo as well as damages for its past use; (4) the reasonable rental value for use of corporate real property and improvements and determination of duration of rent for that property; (5) judgment for rental amounts received by Combe from third parties on corporate property; and (6) attorney fees.

Combe's case against the Corporation was dismissed at the end of the consolidated trial. That dismissal has not been appealed, and it is therefore final.

In the case that is before us on this appeal, the trial court made findings of fact as follows: Combe and Taggart purchased the Corporation as a corporation because it existed in that form, but they were actually purchasing the two businesses with the idea that they would be equal partners. The corporate form on a day-to-day basis was more or less ignored by Taggart and Combe. At the time the two individuals parted company, the assets and income of the two units were virtually the same. Although they never formally dissolved the Corporation, their actions indicated that this was their intention. The corporate structure was in form only and was, in fact, a partnership which was dissolved by the parties in 1978. Basing its decision on those findings, the court awarded the Roy property to Taggart and the Riverdale property to Combe and suggested if the parties felt there were some monetary value in the trademark, trade name and the logo that one purchase the other's interest or that they flip a coin to see who could use it.

Counsel for the Corporation objected to the findings on the ground that they went beyond the issues pleaded, tried and proved. Judgment in accordance with the findings was entered over his objections. That objection has been framed as the Corporation's major issue on appeal.

It is a rule of long standing that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. Rule 54(c)(1), Utah R.Civ.P.; *Behrens v. Raleigh Hills Hospital, Inc.,* Utah, 675 P.2d 1179 (1983), and cases there cited. However, findings which are at variance with the claims of both parties are not favored and are carefully scrutinized on review. *West v. West,* 16 Utah 2d 411, 403 P.2d 22 (1965). Although Rule 54(c)(1) permits relief on grounds not pleaded, that rule does not go so far as to authorize the granting of relief on issues neither raised nor tried. *Cornia v. Cornia,* Utah, 546 P.2d 890 (1976).

The trial court fashioned its findings from whole cloth. He declared a corporation in good standing a partnership and then proceeded to dissolve it when neither party had sought that relief. He distributed the assets of that corporation without following the statutory procedure in cases of involuntary dissolution. U.C.A., 1953, § 16–10–92, *et seq.* The judgment rendered was captioned a declaratory judgment, but no declaratory relief had been sought. In a belated attempt to cloak the court's findings with a modicum of propriety, Combe now argues that his posture should be construed as that of a creditor of the Corporation. Section 16–10–92(b) authorizes the court to liquidate the assets and business of a corporation when (1) the claim of a creditor has been reduced to judgment and an execution thereon returned unsatisfied, or (2) when the corporation has admitted in writing that the claim of the creditor is due and owing. In either case it must be established that the corporation is insolvent. No such claim was brought before the trial court, and we decline to address it now. Combe's argument that the trial court properly pierced the corporate veil *sua sponte* because the Corporation failed to hold regular meetings is answered by § 16–10–26, which provides that failure to hold the annual meeting at the designated time shall not work a forfeiture or dissolution of the corporation. Ab-

sent the statutory grounds cited in § 16–10–92, none of which was advanced in the trial court, the trial court erred in liquidating the assets and the business of the Corporation.

 It is error to adjudicate issues not raised before or during trial and unsupported by the record. *Curran v. Mount, Ala.,* 657 P.2d 389 (1980). The trial court is not privileged to determine matters outside the issues of the case, and if he does, his findings will have no force or effect. *Brantley v. Carlsbad Irr. Dist.,* 92 N.M. 280, 587 P.2d 427 (1978). In law or in equity, a judgment must be responsive to the issues framed by the pleadings, and a trial court has no authority to render a decision on issues not presented for determination. Any findings rendered outside the issues are a nullity. *Matter of Estate of Hurlbutt,* 36 Or.App. 721, 585 P.2d 724 (1978); *Credit Investment and Loan Co. v. Guaranty Bank & Trust Co.,* 166 Colo. 471, 444 P.2d 633 (1968). A court may not grant judgment for relief which is neither requested by the pleadings nor within the theory on which the case was tried, whether that theory was expressly stated or implied by the proof adduced. *Leonard Farms v. Carlsbad Riverside Terrace,* 90 N.M. 34, 559 P.2d 411 (1977). Parties may limit the scope of the litigation if they choose, and if an issue is clearly withheld, the court cannot nevertheless adjudicate it and grant corresponding relief. *Wineglass Ranches, Inc. v. Campbell,* 12 Ariz.App. 571, 473 P.2d 496 (1970); *La Bellman v. Gleason & Sanders, Inc.,* Okl., 418 P.2d 949 (1966). The limitation to try the issues presented obtains whether the action is one in law or in equity and includes declaratory judgments as well. *Heintz v. Sinner,* 232 Or. 529, 376 P.2d 478 (1962).

The case before us (*Warren's Family Drive-Inns, Inc. v. Combe, et al.*) embraces issues relating to appropriation of corporate assets and goodwill without authority or accounting. The judgment declared a valid, existing corporation a partnership, dissolved it and distributed its assets to the purported partners. That judg-

ment does not respond to any of the issues presented for determination. Neither party requested a dissolution of the Corporation, let alone a partnership. The Court, therefore, erred when it adjudicated the matters included in the findings, and its declaratory judgment is set aside. Counsel has not briefed us on the remaining two issues on appeal, whether it was error to dismiss from the suit parties against whom a default had been entered and whether attorney fees could have been properly granted to the Corporation. We therefore do not reach those issues.

The case is remanded for a new trial on the issues as framed by the pleadings. Costs are awarded to the Corporation.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.