Randy S. **LUDLOW** and Therese A. **Ludlow**, Plaintiffs and Appellant,

v.

**SALT LAKE COUNTY BOARD OF ADJUSTMENT**, Salt Lake County and Elies Herman, Defendants and Appellees.

No. 940013–CA.

Court of Appeals of Utah.

April 13, 1995.

Randy S. Ludlow, Salt Lake City, appellant pro se.

David E. Yocom and Kent S. Lewis, Salt Lake City, for appellees Salt Lake County Bd. of Adjustment and Salt Lake County.

J. Bruce Reading and James W. Claflin Jr., Salt Lake City, for appellee Elies Herman.

Before BENCH, BILLINGS and WILKINS, JJ.

## OPINION

BILLINGS, Judge:

We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App.P. 29(a)(3).

Randy Ludlow petitioned the district court for review of the Salt Lake County Board of Adjustment's decision granting Elies Herman a variance for her deck. The district court dismissed with prejudice Therese and Randy Ludlow's Amended Petition for Review because they had not joined Herman as a defendant within the statutory period. We reverse and remand.

On February 10, 1993, the Salt Lake County Board of Adjustment (the Board) held a hearing to consider Elies Herman's application for a rear-yard variance for her deck, which was in violation of county setback ordinances. The Board granted Herman the variance. Herman's adjoining neighbor, Randy Ludlow, filed a timely Petition for Review of the Board's decision pursuant to Utah Code Ann. § 17–27–708 (1991). The Petition named the Board as defendant. In it, Ludlow alleged that he had not been notified of the hearing and that the hearing was held without his input. Ludlow also alleged that the Board's decision to allow the deck to remain was arbitrary, capricious, and in violation of the county's own setback ordinances. The Petition set forth the following prayer for relief:

Wherefore, petitioner prays as follows:

1. That this Court review the decision of the Board of Adjustment and overrule its finding and require that the deck located at 1680 Hermitage Circle be removed to comply with the county setback ordinances.

2. That the Court allow the taking of evidence from the petitioner.

3. That the Court deny any variance for the deck.

4. That the Court grant additional relief as is appropriate and just.

The Board did not submit an answer to the Petition. Instead, Ludlow and counsel for the Board entered into a stipulation providing that "the defendant need not answer or otherwise respond to the Complaint of the plaintiff until ten (10) days after the amended complaint has been filed with the Court." The reasons for the stipulation were listed as

(1) "an amended complaint must be filed to join an indispensable party," and (2) "a survey needs to be completed in order for all issues to be presented to the Court for adjudication."

Ludlow filed his Amended Petition for Review and Complaint approximately three and one-half months later, naming the Board, Salt Lake County, and Elies Herman as defendants. The Amended Petition for Review remained essentially unchanged, specifically reiterating the request that "the Court allow the taking of evidence from the petitioners." The Complaint identified various new causes of action not relevant to this appeal. In its Answer to the Amended Petition for Review, the Board denied that Ludlow was not notified of the hearing and alleged "that it is the practice of the Board of Adjustment to send notice of variance hearings to property owners located within 300 feet of the property in question."

Shortly thereafter, Herman and the Board filed motions to dismiss for failure to join an indispensable party pursuant to Utah R. Civ.P. 12(b)(7). The court granted the motions and entered judgment dismissing "[t]he captioned matter ... against all defendants with prejudice." Ludlow appeals from the court's decision.

Jurisdiction to review the Board's decision is conferred upon the district court by Utah. Code Ann. § 17–27–708 (1991). That section limits the scope of the court's review to determining whether "the board of adjustment's decision was arbitrary, capricious, or illegal." *Id.* § 17–27–708(2). The section provides:

> (4)(a) The board of adjustment shall transmit to the reviewing court the record of its proceedings including its minutes, findings, orders and, if available, a true and correct transcript of its proceedings.
>
> . . . .
>
> (5)(a)(i) If there is a record, the district court's review is limited to the record provided by the board of adjustment.
>
> (ii) The court may not accept or consider any evidence outside the board of adjustment's record unless that evidence was offered to the board of adjustment and the court determines that it was improperly excluded by the board of adjustment.
>
> (b) If there is no record, the court may call witnesses and take evidence.

*Id.* § 17–27–708(4)(a), (5). Thus, the district court plays a limited role in reviewing the Board's decisions. *See Patterson v. Smith,* 893 P.2d 602 (Utah App.1995).

■ The question of whether a party is necessary and indispensable is governed by Rule 19 of the Utah Rules of Civil Procedure. Ordinarily, we will not disturb a trial court's Rule 19 determination absent an abuse of discretion. *Seftel v. Capital City Bank,* 767 P.2d 941, 944 (Utah App.1989), *aff'd sub nom. Landes v. Capital City Bank,* 795 P.2d 1127 (Utah 1990).

Rule 19 provides:

> (a) **Persons to be joined if feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party....
>
> (b) **Determination by court whenever joinder not feasible.** If a person as described in Subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

Utah R.Civ.P. 19.

"The basic purpose of rule 19 is 'to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determina-

tions.'" *Landes,* 795 P.2d at 1130 (quoting 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure: Civil 2d* § 1602, at 21 (1986)). If a party's failure to bring all parties before the court prevents the court from properly reaching the merit's of the party's claim, "[t]he deficiency may be overcome by joining the party required or by asserting only those alternative claims for relief that do not require the presence of other parties." *Bonneville Tower Condominium Management Comm. v. Thompson Michie Assocs., Inc.,* 728 P.2d 1017, 1020 (Utah 1986).

■ We begin our analysis by considering the first test set forth in Rule 19(a): In Herman's absence, can complete relief be accorded among those already parties? With respect to Ludlow's first prayer for relief, that the court "require that the deck located at 1680 Hermitage Circle be removed to comply with the county setback ordinances," Ludlow cannot obtain complete relief without Herman's joinder. However, with respect to Ludlow's second prayer for relief, that he be allowed to present evidence before the Board on whether the variance should be granted,[1] Herman's joinder is not necessary.

The question before the district court, whether the Board's decision to grant Herman a variance for her deck was arbitrary, capricious, or illegal, turns first on whether Ludlow was properly notified of the hearing and allowed an opportunity to present evidence in his own behalf. In its pleadings, the Board alleges that its practice is to notify property owners located within 300 feet of the disputed property. Because Ludlow, according to the Board's own admission, should have been notified and given an opportunity to present evidence, if the court finds that he

was not, the court may well determine the Board's decision was arbitrary. The proper remedy would be remand to the Board for a new hearing on Herman's variance application upon notice to all parties. We therefore conclude that complete relief can be accorded between Ludlow and the Board as to this claim.

We next address the second Rule 19(a) question: Whether Herman claims an interest relating to the subject of the action and is so situated that the disposition of the action in her absence may, as a practical matter, impair or impede her ability to protect that interest. Clearly Herman has an interest in the subject of the action. However, the narrow scope of the district court's review prevents her from presenting any evidence, and as a practical matter, her interest stands or falls with the Board. Thus, we believe that the disposition of Ludlow's petition for review in Herman's absence would not have impaired her ability to protect her interest.

Finally, as to the third Rule 19(a) question, we find that Herman's absence would not leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interest. The Board would at worst be required to conduct a rehearing on whether Herman should be granted a variance, at which time Herman would be notified and allowed to protect her interest. Therefore, Herman was not a necessary party to Ludlow's petition for review under Rule 19(a), and we need not proceed to the 19(b) question of indispensability. *Landes,* 795 P.2d at 1130.

In accordance with the foregoing, we conclude that the district court abused its discre-

---

1. The dissent acknowledges that, had Ludlow sought an opportunity to present evidence to the Board, Herman would not be a necessary party. "However," the dissent states, "this is not the relief Ludlow sought." In support of this claim, the dissent relies on only a portion of the pleadings, to the exclusion of others. In its initial Petition for Review, Ludlow requests "[t]hat the Court allow the taking of evidence from the petitioners." In his Amended Petition for Review, Ludlow reiterates that identical request. We disagree with the dissent's characterization of this prayer for relief as solely a request to present evidence on Herman's noncompliance with the variance granted her. Indeed, it could not have been such a request in the initial Petition for Review because, as Ludlow states in his Affidavit and Supplemental Memorandum, he was not even aware that Herman was in violation of the variance until a week before he filed his Amended Petition for Review and Complaint, in excess of three months after he filed his initial Petition for Review. We believe that a fair reading of the record indicates that Ludlow requested an opportunity to present evidence as to the granting of the variance as well as, subsequently, an opportunity to present evidence as to Herman's noncompliance with the variance.

tion in dismissing with prejudice Ludlow's Amended Petition for Review. *Cf. Bonneville Tower,* 728 P.2d at 1020 (holding dismissal of action with prejudice for failure to join necessary party an abuse of discretion). We therefore reverse and remand for further proceedings.

WILKINS, J., concurs.

BENCH, Judge (dissenting):

The main opinion correctly cites Utah Code Ann. § 17–27–708 (1991) as the controlling statute in this case. Unfortunately, the main opinion ignores the statute's dispositive subsection, which provides that a petition for review "is barred unless it is filed within 30 days after the board of adjustment's decision is final." Section 17–27–708(3). The main opinion necessarily holds that the amended petition (filed well beyond the 30–day limit) relates back to the date of the original petition because Herman is not a necessary party to this action. I respectfully dissent from that holding. I would affirm the trial court's dismissal of Ludlow's untimely attempt to obtain judicial review of the Board's decision granting Herman a zoning variance.

Ludlow, a lawyer, initially filed a "Petition for Review," naming only the Board as a party. Later, he sought and obtained from the Board a stipulation that allowed him to file an "amended complaint." In the stipulation, Ludlow asserted that he wanted "to join an indispensable party [defendant Herman] and further that a survey needs to be completed in order for all issues to be presented to the Court for adjudication."[1] In his "Amended Petition for Review and Complaint," Ludlow sought the following relief:

WHEREFORE, plaintiffs pray for judgment against defendants, pursuant to their complaint as follows:

1. That the deck on the property of the defendant, Elies Herman [be] required to be removed and placed back fifteen feet from the property line pursuant to the First Cause of Action.

2. In the alternative [if] the Court does not grant the relief as requested in the Petition or First Cause of Action that the defendant, Elies Herman be required to remove her deck in order to comply with the variance granted to her by the defendant, Salt Lake County Board of Adjustment and further that the defendant, Salt Lake County enforce the removal of the deck to comply with the variance granted to Elies Herman.

3. That the plaintiffs be granted judgment against the defendants, jointly and severally, for the sum of Fifty Thousand Dollars ($50,000) pursuant to the Third Cause of Action.

4. That the plaintiffs be granted any and all other relief which the Court deems equitable and just in these proceedings together with all costs of Court incurred herein.

The Board moved to dismiss, urging that judicial review of the variance was not available because Herman had not been joined as a party within 30 days of the Board's decision. The trial court ruled that Herman

is the owner of the real property which is at the heart of this action. To proceed without her as a party would render the Court's decision incomplete. Furthermore, this Court finds that the owner of real property is an indispensable party to an action for judicial review of administrative actions concerning that property.

The trial court further ruled that Herman was not properly joined and that the amended petition and complaint did not, as a matter of law, relate back to the original petition:

The Board of Adjustment denied the petitioner's rehearing on April 14, 1993. Even in the light most favorable to the petitioner, the statute of limitation for filing a proper suit joining Ms. Herman ran

---

1. By seeking leave of the court to add Herman as an indispensable party, Ludlow recognized what the main opinion refuses to recognize: Herman, as the property owner directly affected by Ludlow's action, is a necessary and indispensable party. Having argued that Herman was an indispensable party before the trial court, Ludlow is in no position to argue the contrary on appeal. *See, e.g., First Equity Corp. v. Utah State University,* 544 P.2d 887, 892 n. 5 (Utah 1975) (holding that "[o]rdinarily, an appellant cannot raise a theory on appeal for the first time different from that presented to the Court below.")

on May 14, 1993, more than a month before the amended [petition] was filed.

The petitioner argues that these rules can be set aside by the mere whim of the Court. However, this Court finds that unless there are strong equitable reasons for overriding these rules, the rules must stand. Indeed, the Utah Supreme Court's interpretation of the Utah Rule of Civil Procedure 15(c), is that an amendment that adds a new party after a statute of limitations has run ordinarily will not relate back to the time the original pleading was filed. *E.g. Doxey–Layton Co. v. Clark,* 548 P.2d 902 (Ut.1976). This Court finds there are no persuasive equitable reasons in this case that would warrant the nonapplication of the general rule.

Based on these findings and analyses, the trial court dismissed Ludlow's action with prejudice.

In reversing the trial court, the main opinion erroneously asserts that, in his second prayer for relief, Ludlow petitioned the trial court to "be allowed to present evidence before the Board on whether the variance should be granted." My review of the record, however, indicates that Ludlow requested no such relief.[2] Because Ludlow never asked the court to allow him to present evidence to the Board, neither this court nor the trial court is free to recharacterize his prayer for relief in order to reach a desired outcome, as the main opinion has done.

A court may not grant judgment for relief which is neither requested by the pleadings nor within the theory on which the case was tried, whether that theory was expressly stated or implied by the proof adduced.... Parties may limit the scope of the litigation if they choose, and if an issue is clearly withheld, the court cannot nevertheless adjudicate it and grant corresponding relief.

*Combe v. Warren's Family Drive–Inns, Inc.,* 680 P.2d 733, 736 (Utah 1984) (citations omitted).

The main opinion does not merely add a prayer for relief never requested by Ludlow, it also ignores the relief actually sought. If Ludlow had sought an opportunity to present evidence to the Board, and nothing else, Herman would not be a necessary party. However, Ludlow clearly and unequivocally asked the trial court to order Herman to remove or remodel her deck. As the issues have been framed by Ludlow, Herman is indisputably a necessary and indispensable party in this action.

Rule 19(a) of the Utah Rules of Civil Procedure provides, in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of action *shall be joined* as a party in the action *if* ... in his absence *complete relief cannot be accorded* among those already parties....

*Id.* (emphasis added). Herman is the owner of the property *directly* affected by Ludlow's petition. The trial court properly found that Herman was a necessary party because in her absence complete relief could not have been granted to the parties already involved, and because she had an interest in the action that she could not otherwise protect. Utah R.Civ.P. 19(a). Additionally, the trial court properly found that Herman was an indispensable party because any judgment in her absence would have been prejudicial to her and there was no way the prejudice could have been lessened or avoided. Utah R.Civ.P. 19(b).

Under Rule 15(c) of the Utah Rules of Civil Procedure, amendments generally relate back to the original pleading. However, where an amendment attempts to add a necessary and indispensable party after the time period for filing the action has run, the amendment cannot relate back to the original

---

**2.** In his Amended Petition and Complaint, Ludlow did request the opportunity to present evidence *to the court.* In an affidavit and supplemental memorandum, he explained that this request related to his second prayer for relief in that the Herman deck crossed over his property line. He thus argued that, in the interest of judicial economy, he was entitled to a determination that Herman was in violation of the variance granted her. In a reply memorandum, the Board correctly pointed out that evidence of property lines is not related to the variance determination, and must be pursued in a separate action between Ludlow and Herman.

pleading. *See, e.g., Vina v. Jefferson Ins. Co.,* 761 P.2d 581, 586–87 (Utah App.1988); *accord Hidden Lake Dev. Co. v. District Court,* 183 Colo. 168, 515 P.2d 632, 635 (1973). There is no identity of interest between Herman and the Board to overcome this amendment rule. *See Doxey–Layton Co. v. Clark,* 548 P.2d 902, 906 (Utah 1976) (holding that old and new parties have identity of interest where "the real parties in interest were sufficiently alerted to the proceedings, or were involved in them unofficially, from an early stage.") Because Herman was a necessary and indispensable party, the trial court did not err in ruling that the Amended Petition and Complaint could not relate back to the date of the original Petition.[3]

I would therefore affirm the trial court's dismissal of Ludlow's untimely attempt to seek review of the Board's variance determination.

---

**3.** The effect of the main opinion is that, contrary to our rules, a plaintiff need not join parties necessary and indispensable to plaintiff's action. Where a necessary and indispensable party is not joined, the responsibility will now fall on the trial court to proceed with claims that were made (or that could have been made) against the defendant then before the court.