**Bruce GILDEA and Shirlynn Gildea, Plaintiffs and Appellants,**

v.

**GUARDIAN TITLE COMPANY OF UTAH, Murphy, Tolboe & Mabey, a professional law partnership, L. Benson Mabey, Randall N. Day, and John C. Sittner, Defendants and Appellees.**

No. 970500.

Supreme Court of Utah.

Nov. 24, 1998.

Rehearing Denied Jan. 13, 1999.

William D. Marsh, Salt Lake City, for plaintiffs.

Stephen B. Mitchell, Salt Lake City, for Guardian Title Co. and Day.

L. Benson Mabey, Salt Lake City, for Mabey and Sittner.

RUSSON, Justice:

## INTRODUCTION

Bruce and Shirlynn Gildea appeal from a summary judgment dismissing their causes of action against the above-named defendants. The Gildeas sued John C. Sittner for filing, in bad faith, a lawsuit against them to foreclose a judgment lien against their real property when Sittner had already received a monetary award for the lien as his share of the distribution to creditors in Mr. Gildea's bankruptcy. The Gildeas, in the same lawsuit, named the above additional defendants, alleging breach of fiduciary duty, fraud, conspiracy to defraud, and negligent misrepresentation. The district court granted summary judgment, dismissing all causes of action against all defendants with prejudice. We affirm.

## FACTS

In November of 1985, John C. Sittner, represented by attorney L. Benson Mabey, obtained a judgment against Bruce Gildea and others in the amount of $30,598.35, which judgment constituted a lien against Mr. Gildea's property. In January of 1986, Mr. Gildea filed for bankruptcy. Sittner, again through his attorney Mabey, filed a proof of claim based on his judgment with the bankruptcy court. Sittner filed as an unsecured creditor and later received payment of $4,032.99 as his share of the distribution to the unsecured creditors. In December of 1987, the bankruptcy court entered a discharge of debtor order releasing Mr. Gildea from all personal liability for debts existing on the date of the commencement of his bankruptcy. However, the judgment lien was not set aside by any order of the bankruptcy court and remained a matter of record. In June of 1993, despite having received $4,032.99 for the judgment, Sittner (again through Mabey) sued the Gildeas, seeking to foreclose on the judgment lien against the Gildeas' real property.

The Gildeas had purchased that property in 1981 from Joy Hale pursuant to a uniform real estate contract. In 1992, Karen Schriever, Mrs. Gildea's sister, purchased from Joy Hale her seller's interest in the property and thus assumed the role of contract seller to the Gildeas. Thereafter, Mr. Gildea asked

Randall Day at Guardian Title Company to prepare a title report on the property and to prepare a deed conveying record title from Hale to Schriever's family trust. Guardian was paid $200, and it was understood that if Schriever purchased title insurance from Guardian the $200 would be applied toward that purchase. When Guardian issued its commitment for title insurance to Schriever, the records of the Salt Lake County Recorder showed Sittner's judgment lien against the property. Guardian's attorney, Stephen B. Mitchell, advised Guardian to exclude the judgment lien from its title insurance commitment. Guardian excluded the judgment lien as advised, and Schriever chose not to purchase title insurance from Guardian.

Sittner also included Schriever and Hale as defendants in his suit to foreclose on the judgment lien. Sittner alleged in the complaint that the deed from Hale to the Schriever family trust constituted a fraudulent transfer made with the purpose of hindering or defeating Sittner's judgment lien claim. Sittner also alleged that Schriever was related to Mr. and Mrs. Gildea by either blood or marriage and that the conveyance was for the benefit of the Gildeas without any actual change in ownership or possession of the property. Sittner also recorded a *lis pendens* notice against the property.

In connection with the ensuing litigation, Mr. Gildea requested from Day at Guardian Title copies of any and all documents in Guardian's possession pertaining to the transfer of the property from Hale to Schriever's family trust. Day informed Mr. Gildea that the file had disappeared from company archives. Mr. Gildea was referred to Courtney Wrathall, Guardian's vice president, who was likewise unable to locate the file. Wrathall, in the presence of Mr. Gildea, then telephoned L. Benson Mabey, who in addition to representing Sittner, had represented Guardian in the past as independent outside counsel. Mr. Gildea listened as Wrathall asked Mabey if he knew where the file was and then asked, "You couldn't find it either?"

On March 25, 1997, the court entered summary judgment against Sittner, ruling that Sittner "knew, or should have known, that his judgment lien and claim of a secured interest in Bruce Gildea's estate was waived during the course of Bruce Gildea's bankruptcy."[1] The court held that Sittner's claims were without merit and not asserted in good faith. The court dismissed the action with prejudice and, pursuant to Utah Code Ann. § 78-27-56, awarded reasonable attorney fees to the Gildeas, Schriever, and Hale.[2]

The Gildeas, having prevailed in Sittner's lawsuit, then sued Sittner, Mabey, Day, and Guardian Title, alleging breach of fiduciary duty, fraud, conspiracy to defraud, and negligent misrepresentation. The Gildeas claimed that a fiduciary relationship existed between the Gildeas and Guardian Title because Guardian was the Gildeas' agent in preparing the title report and the deed from Hale to Schriever's family trust. They claimed that Guardian breached its fiduciary

---

1. The court had previously held that the judgment lien was not discharged by the bankruptcy. Upon that ruling, the Gildeas petitioned the bankruptcy court to reopen Mr. Gildea's bankruptcy to determine whether the discharge order included the judgment lien. The bankruptcy court reopened the bankruptcy and held that Sittner's action of filing as an unsecured creditor and receiving dividends for the judgment had the effect of waiving the judgment lien. The bankruptcy court thus found that Sittner had willfully violated the discharge injunction by filing in state court to foreclose on the judgment lien, and awarded $8,000 in sanctions against both Sittner and Mabey. Sittner and Mabey appealed to the United States District Court for the State of Utah. The federal district court held that the bankruptcy court erred in reopening the bankruptcy be-

cause the issue of whether the judgment lien was discharged was properly before the state court and its ruling would stand unless reconsidered or overturned on appeal. However, the federal district court did note, "It seems clear that the judgment lien was waived ... and that the debt secured by that lien was fully discharged in bankruptcy." The state court then reconsidered its earlier ruling and held that the judgment lien had been waived.

2. Utah Code Ann. § 78-27-56 provides, in part, that "the court shall award reasonable attorney's fees to a prevailing party if the court determines that the action ... was without merit and not brought or asserted in good faith."

duties of confidentiality and loyalty when it allegedly allowed Mabey access to the Gildea file. Because Mabey had done legal work in the past for Guardian, the Gildeas claimed that a fiduciary relationship also existed with Mabey. The Gildeas also claimed that Mabey, Sittner, and Guardian all conspired to defraud the Gildeas into paying for a judgment which had been previously discharged in bankruptcy. The Gildeas also claimed that Guardian and Day negligently misrepresented in the commitment for title insurance that the Sittner judgment constituted a valid lien against the Gildea property.

Defendants moved to dismiss the complaint for failure to state a claim for relief. The Gildeas moved to disqualify Mabey from acting as counsel for Sittner and Mitchell from acting as counsel for Guardian Title and Day on the basis that each would be a material witness at trial. Having heard the motions, the district court denied the Gildeas' motions to disqualify Mabey and Mitchell as counsel, subject to the right to renew the motions closer to trial. The court dismissed the fraud cause of action for failure to plead sufficient facts. While acknowledging its "grave concerns" about the sufficiency of the remaining causes of action, the court declined to dismiss them at that time.

After discovery, defendants then moved for summary judgment and for sanctions, arguing that the causes of action were without evidentiary support and frivolous. The district court entered summary judgment against the Gildeas, dismissing their claims with prejudice. The court held that (1) there was no evidence of a fiduciary relationship nor any evidence that Mabey obtained any confidential information from Guardian; (2) there was no evidence of any conspiracy to defraud the Gildeas; and (3) even if it is assumed that there was an error in the commitment for title insurance, the Gildeas did not have a claim because they did not purchase a title policy and had not shown that they were damaged in any respect by the issuance of the commitment for title insurance. While the district judge believed that this was a "close case for sanctions," he denied that motion because he believed that when the complaint was filed the Gildeas thought they could discover facts to support their claims.

The Gildeas now appeal, arguing that the district court erred in granting summary judgment dismissing with prejudice each of their remaining causes of action. The Gildeas also argue that the district court erred in not disqualifying Mabey and Mitchell from acting as counsel in the case. Defendants request sanctions, arguing that the Gildeas' appeal is frivolous.

## STANDARD OF REVIEW

Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c). When reviewing a grant of summary judgment, we accord no deference to the district court's conclusions of law but review them for correctness. *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 841 (Utah 1996).

## ANALYSIS

 We first address the breach of fiduciary duty cause of action. The Gildeas contend that a fiduciary relationship existed between the Gildeas and Guardian because Guardian was the Gildeas' agent. To be an agent, a person must be authorized by another to "act on his behalf and subject to his control." Restatement (Second) of Agency § 1 (1958). Whether an agency relationship exists depends upon all the facts and circumstances of the case. *Vina v. Jefferson Ins. Co. of New York*, 761 P.2d 581, 585 (Utah Ct.App.1988). While in their brief the Gildeas quote at length the law of agency, they offer only the following as evidence that an agency relationship existed:

Clearly there was a principal-agent relationship between Guardian Title Company and Appellants. There was privity of contract. Appellants paid Guardian $200 to research title to their property and to

serve as their agent to secure a proper conveyance of the subject property.

The Gildeas' conclusive statement that they paid Guardian to "serve as their agent" is without evidentiary support in the record and thus misrepresents the facts. Guardian did not agree to act as the Gildeas' agent. The facts in the record show that Guardian simply agreed to prepare a title report in connection with its commitment for title insurance and a deed conveying record title from Hale to the Schriever family trust. Such facts are not enough to make Guardian an agent with fiduciary duties.

■ Furthermore, even if such duties existed, the Gildeas present absolutely no evidence that Guardian committed any breach of those duties. The Gildeas claim that Guardian breached duties of confidentiality and loyalty when it allowed Mabey access to its file. However, the only evidence is that Mabey did not see the file. At his deposition, Mabey testified that when he saw that Day had notarized the deed from Hale to Schriever, he called Day to inquire if Guardian had a file and that Day told him he could not locate one. The Gildeas claim that a breach is also shown by the fact that Sittner's complaint stated that Schriever and the Gildeas were related by blood or marriage. The Gildeas assert that Mabey and Sittner could have received this information only from Guardian. However, assuming for argument that such relationships would constitute confidential information, the Gildeas fail to present any evidence supporting their assertion. In fact, the only evidence is to the contrary. At his deposition, Mabey testified that he learned of the relationship by calling Mrs. Schriever's home in Maryland. The Gildeas do not attempt to refute such testimony with any evidence of their own but rather rely on speculation that Mabey must have obtained the information from Guardian because Guardian knew of the relationship. Such speculation falls short of creating a genuine issue of material fact sufficient to survive summary judgment. The Gildeas also claim that the disappearance of the file at a time when Mabey and Sittner were preparing to sue the Gildeas and Mabey's admission to Wrathall that he was looking for the file demonstrate that Guardian breached its duty of confidentiality. However, without any evidence that Guardian communicated confidential information, such a conclusion is pure speculation and conjecture which cannot be allowed to form the basis of a jury's verdict. *See Marsh v. Pemberton,* 10 Utah 2d 40, 347 P.2d 1108, 1111 (1959), *overruled on other grounds by Swan v. Lamb,* 584 P.2d 814 (Utah 1978).

■ The Gildeas also contend that an implied attorney-client relationship existed between Mabey and the Gildeas, giving rise to fiduciary duties, because Mabey had acted as counsel for Guardian in the past. However, while Mabey may have done some legal work for Guardian in the past, there is no evidence that he was involved with the Gildea transaction. Therefore, in addition to the fact that Guardian was not a fiduciary, Mabey likewise cannot be considered a fiduciary.

On the basis of the above, we affirm the district court's grant of summary judgment dismissing the breach of fiduciary duty cause of action.

■ We next address the conspiracy to defraud cause of action. The Gildeas contend that Mabey and Sittner conspired to defraud the Gildeas into paying a judgment that had previously been discharged in bankruptcy by filing a bad faith lawsuit to collect on the judgment. They claim that Guardian and Day joined in this conspiracy when Guardian allowed Mabey access to its file, refused to insure against the Sittner judgment, and recorded a *lis pendens* notice against the property. The gist of the Gildeas' claim is essentially that Sittner (and Mabey) brought a frivolous suit against them. However, as Judge Richard Posner asked, "[S]ince when is a frivolous claim a form of fraud?" *Oxxford Clothes XX v. Expeditors Intern. of Wash.,* 127 F.3d 574, 577 (7th Cir.1997). If Sittner's suit against the Gildeas was indeed frivolous, the Gildeas could have moved for sanctions under rule 11

of the Utah Rules of Civil Procedure. The Gildeas might have also had claims for wrongful bringing of civil proceedings or for abuse of process. *See Baird v. Intermountain Sch. Fed. Credit Union,* 555 P.2d 877, 878 (Utah 1976); *Brown's Shoe Fit Co. v. Olch,* 955 P.2d 357, 367–68 (Utah Ct.App. 1998); *Keller v. Ray, Quinney & Nebeker,* 896 F.Supp. 1563, 1570 (D.Utah 1995), *aff'd,* 78 F.3d 597 (10th Cir.1996). Utah Code Ann. § 78–27–56 also provides for the award of attorney fees to the prevailing party where the action was without merit and brought in bad faith. In fact, the Gildeas were awarded their attorney fees pursuant to this statute.

■ Further, conspiracy to defraud requires proof of the underlying fraud. *See DeBry v. Cascade Enters.,* 879 P.2d 1353 (Utah 1994) ("A conspiracy to defraud *is fraud committed* by two or more persons who share an intent to defraud another." (emphasis added)). However, the Gildeas make no attempt in their brief to show that the elements of fraud have been satisfied. Moreover, they do not appeal the dismissal of their original fraud claim for failure to plead sufficient facts. In view of the above, it is clear that the conspiracy to defraud claim cannot stand.

Moreover, there is a total lack of evidence of any conspiracy on behalf of Guardian. First, as stated above, there is no evidence that Guardian allowed Mabey access to the Gildea file or communicated any confidential information. Second, Guardian refused to insure against the Sittner judgment lien on the advice of its attorney, Mitchell. It is undisputed that there was no bankruptcy order setting aside the judgment lien and that the lien was still a matter of public record with the Salt Lake County Recorder. Given these facts, Guardian was completely justified in refusing to insure against the judgment lien even though it was later held that the judgment lien had been waived during the course of the bankruptcy. *See In re Sanders,* 39 F.3d 258, 260 (10th Cir.1994) (stating that "secured debts, including judgment liens ... generally survive bankrupt-

cy"); *In re Derrick,* 190 B.R. 346, 356 (Bankr.W.D.Wis.1995) (stating that "a discharge in bankruptcy extinguishes *only* the debtor's personal liability, and that the right to foreclose upon a lien survives the discharge"). Third, the only evidence regarding the filing of the *lis pendens* is that Mabey had asked one of Guardian's runners to pick up the document and record it on his behalf. We thus affirm the summary judgment dismissing the conspiracy to defraud action.

■ We next address the negligent misrepresentation claim. We have stated that

a party injured by reasonable reliance upon a second party's careless or negligent misrepresentation of a material fact may recover damages resulting from that injury when the second party had a pecuniary interest in the transaction, was in a superior position to know the material facts, and should have reasonably foreseen that the injured party was likely to rely upon the fact.

*Price–Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.,* 713 P.2d 55, 59 (Utah 1986). The Gildeas contend that Guardian negligently misrepresented that the Sittner judgment lien was valid when it refused to insure against it. The Gildeas then attempt to meet the reliance requirement by claiming that they relied upon such representation by refusing to purchase title insurance. However, it is undisputed that only Schriever—not the Gildeas—was contemplating the purchase of title insurance. Both Mr. Gildea and his attorney, William D. Marsh, clearly testified at their respective depositions that Schriever was to be the insured. Thus, because the Gildeas could not have relied as they claim, their negligent misrepresentation claim fails as a matter of law, and the district court did not err in dismissing the cause of action. Further, as stated above, the judgment lien accurately reflected the public records. We have also made clear that preliminary title reports and commitments for title insurance simply state "the terms and conditions upon which the insurer is willing to issue its title

policy" and do not subject title insurance companies to abstractor liability. *Culp Constr. Co. v. Buildmart Mall,* 795 P.2d 650, 653–54 (Utah 1990). Furthermore, we cannot see how the Gildeas were damaged by the issuance of the commitment for title insurance. They did not purchase any title policy. While the Gildeas claim that they were injured by having to defend against Sittner's suit, there is no evidence linking the issuance of the commitment for title insurance to Sittner's suit. Moreover, the Gildeas were awarded their attorney fees in that suit pursuant to Utah Code Ann. § 78–27–56. As with the other causes of action, the negligent misrepresentation claim has no merit.

The Gildeas also assert that the district court erred in not disqualifying Mabey and Mitchell from acting as counsel in the case because each would be a witness at trial. When the court denied the motions to disqualify, it specifically granted the Gildeas the right to renew the motions if and when the case neared trial. Because the district court granted summary judgment, the Gildeas did not renew their motions. Because we affirm the district court's entry of summary judgment, the issue is now moot and we need not address it.

■ Finally, pursuant to rule 33(a) of the Utah Rules of Appellate Procedure, defendants request that we impose sanctions for the filing of a frivolous appeal. Rule 33(a) provides as follows:

> Except in a first appeal of right in a criminal case, if the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it shall award just damages, which may include single or double costs, as defined in Rule 34, and/or reasonable attorney fees, to the prevailing party.

Utah R.App. P. 33(a). An appeal that is frivolous is one that is "not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." Utah R.App. P. 33(b).

The thrust of the claims against Sittner and Mabey is that they conspired to defraud the Gildeas into paying a judgment lien for which Sittner had already received $4,032.99 by filing a bad faith lawsuit. While we hold that the filing of a bad faith lawsuit cannot form the basis of a conspiracy to defraud action, we do not believe the Gildeas' appeal on this issue is frivolous. Sittner and Mabey did file a bad faith lawsuit. Although there are potentially various avenues to recover damages from such a filing, a fraud action is not one of them. Because we had not previously so held, we reject Sittner's and Mabey's request for sanctions.

■ The claims against Guardian and Day are for breach of fiduciary duty, conspiracy to defraud, and negligent misrepresentation. As is set forth above, the record is devoid of any basis in fact for these causes of action. The district court denied sanctions below because it believed that when the Gildeas filed their complaint, they thought they could discover facts to support their causes of actions. When these facts did not materialize, the court granted summary judgment. The court, however, warned the Gildeas that their action was "a close case for sanctions." Despite this notice, the Gildeas persisted in bringing their appeal. In their brief and at oral argument, Guardian and Day detailed why they believed sanctions were warranted. Counsel for the Gildeas, however, elected not to file a reply brief to address these arguments and likewise did not respond during oral argument. Given the total lack of basis in fact for the claims against Guardian and Day, we conclude that the Gildeas' appeal against them was frivolous. We therefore award Guardian and Day their costs and reasonable attorney fees on appeal in an amount to be determined by the district court.

## CONCLUSION

We affirm the district court's entry of summary judgment dismissing the Gildeas' causes of action with prejudice. We remand the case to the district court for a determination of costs and reasonable attorney fees on appeal.

Chief Justice HOWE, Justice DURHAM, Justice ZIMMERMAN, and Judge GREENWOOD concur in Justice RUSSON's opinion.

Justice STEWART does not participate herein; Court of Appeals Judge PAMELA T. GREENWOOD sat.