2001 UT 75

**Bruce GILDEA and Shirlynn Gildea, Plaintiffs and Appellants,**

**v.**

**GUARDIAN TITLE COMPANY OF UTAH, Murphy, Tolboe & Mabey, L. Benson Mabey, Randall N. Day, and John C. Sittner, Defendants and Appellee.**

No. 991059.

Supreme Court of Utah.

Aug. 21, 2001.

William D. Marsh, Salt Lake City, for plaintiffs.

Stephen B. Mitchell, L. Benson Mabey, Salt Lake City, for defendants.

RUSSON, Associate Chief Justice:

¶1 Bruce and Shirlynn Gildea (the "Gildeas") and their attorney William D. Marsh ("Marsh") seek reversal of a district court order awarding Guardian Title Company of Utah ("Guardian") $5136.02 in attorney fees and costs in accordance with a previous determination by this court that the Gildeas' claims against Guardian were frivolous. *See Gildea v. Guardian Title Co. of Utah*, 970 P.2d 1265, 1272 (Utah 1998) (*"Gildea I"*). Marsh also seeks reversal of a subsequent district court order awarding Guardian $786.75 as sanctions under rule 11 of the Utah Rules of Civil Procedure. We affirm in part and reverse and remand in part.

## BACKGROUND

¶2 On November 24, 1998, in a prior appeal of this case this court entered a decision affirming the district court's dismissal of the Gildeas' claims against Guardian for breach of fiduciary duty, conspiracy to defraud, and negligent misrepresentation. *See Gildea I*, 970 P.2d at 1272. In doing so, this court determined that there was a "total lack of basis in fact for the [Gildeas'] claims against Guardian," and therefore awarded Guardian its costs and reasonable attorney fees on appeal pursuant to rule 33(a) of the Utah Rules of Appellate Procedure in an amount to be determined by the district court. *Id.* On December 22, 1998, the Gildeas filed a petition for rehearing asking this court to reconsider our award of costs and attorney fees to Guardian under rule 33. This court denied the Gildeas' petition for rehearing on January 13, 1999.

¶ 3 On remand, Guardian filed a motion with the district court for a determination of the amount of attorney fees and costs it was entitled to recover in accordance with this court's decision in *Gildea I.* In its motion, which was supported by an affidavit of fees, Guardian argued that it had incurred costs and attorney fees in connection with the appeal in the amount of $5136.02. The Gildeas opposed the motion, arguing that an award of $5136.02 would be "excessive and punitive." After considering the parties' motions, the district court entered an order on July 16, 1999, awarding Guardian the full amount of attorney fees and costs it sought in its motion, together with interest due thereon as provided by law, against the Gildeas and Marsh.

¶ 4 Subsequently, on July 30, 1999, the Gildeas moved for a new hearing or, in the alternative, to vacate the award of attorney fees. In the motion, Marsh and the Gildeas principally argued that "[t]he Supreme Court erred in awarding attorney's fees under rule 33" and that, therefore, the district court's award of attorney fees on remand must be vacated in its entirety. In response, Guardian argued that the Gildeas' motion to vacate was frivolous and should be rejected on its face because the district court could not overrule this court's previous decision in *Gildea I.*

¶ 5 In addition to filing a memorandum in opposition to the Gildeas' motion to vacate, Guardian, on August 11, 1999, sent Marsh a copy of a motion for sanctions under rule 11 of the Utah Rules of Civil Procedure, notifying him, as required by rule 11, that unless the Gildeas' motion to vacate was withdrawn within twenty days, Guardian would file its motion for rule 11 sanctions with the district court. When the Gildeas' motion to vacate was not withdrawn, Guardian, on September 1, 1999, filed its rule 11 motion with the district court, but did not give Marsh additional notice that the motion had been filed. Moreover, Guardian never filed a notice to submit its rule 11 motion for decision as required by rule 4–501 of the Utah Rules of Judicial Administration.

¶ 6 On September 1, 1999, Guardian filed a notice to submit for decision the Gildeas' motion to vacate, making no reference to its request for rule 11 sanctions. Thereafter, on October 14, 1999, the district court denied the Gildeas' motion to vacate, affirming its earlier award of $5136.02 in attorney fees and costs against the Gildeas and Marsh. The district court further determined, on its own initiative, that the Gildeas' motion to vacate violated rule 11, in that it was "frivolous and not brought in good faith," and therefore awarded Guardian its costs and attorney fees incurred in responding to the Gildeas' motion to vacate as sanctions against Marsh. In accordance with the trial court's ruling, Guardian submitted an affidavit of attorney fees and a proposed judgment to the district court with regard to the amount of additional fees it incurred in opposing the Gildeas' frivolous motion. On November 15, 1999, the district court entered a judgment against Marsh, awarding $768.75 in costs and attorney fees as rule 11 sanctions.

¶ 7 In this appeal, the Gildeas and Marsh argue that the district court erred in awarding Guardian $5136.02 in attorney fees and costs in accordance with this court's decision in *Gildea I,* and subsequently erred in awarding Guardian $768.75 in attorney fees and costs under rule 11. In this regard, the parties raise three arguments. First, the Gildeas and Marsh argue that the former appeal of this case—*Gildea I*—did not merit imposition of attorney fees and costs under rule 33 of the Utah Rules of Appellate Procedure and that, therefore, the district court's award of attorney fees on remand should be reversed. Second, Marsh argues that the award of sanctions against him in the amount of $768.75 must be reversed because he did not receive adequate notice and opportunity to respond to the district court's imposition of rule 11 sanctions. Finally, Marsh argues that the district court's award of rule 11 sanctions against him must also be reversed because it was not supported by adequate findings.

## ANALYSIS

### I.  PROPRIETY OF ATTORNEY FEES IN *GILDEA I*

¶ 8 The Gildeas and Marsh argue that their appeal in *Gildea I* did not merit the

imposition of attorney fees and costs under rule 33 of the Utah Rules of Appellate Procedure and that, therefore, the district court's award of attorney fees on remand must be reversed. Guardian contends, however, that this argument must be rejected because Marsh and the Gildeas cannot attack by way of a second appeal this court's award of attorney fees in a previous appeal.

¶ 9 Under the law of the case doctrine, issues resolved by this court on appeal bind the trial court on remand, and generally bind this court should the case return on appeal after remand. *See, e.g., Thurston v. Box Elder County,* 892 P.2d 1034, 1038 (Utah 1995); *Plumb v. State,* 809 P.2d 734, 739 (Utah 1990); *see also* 5 C.J.S *Appeal & Error* § 849 (1993). The doctrine was developed to promote the obedience of inferior courts as well as "to avoid the delays and difficulties involved in repetitious contentions and reconsideration of rulings on matters previously decided in the same case." *Thurston,* 892 P.2d at 1037. The effect of abandoning the doctrine in the context of a post-remand appeal to the appellate court would not be inconsequential, because considerable inefficiencies would result if parties were free to relitigate after remand issues decided in an earlier ruling of this court. The doctrine, however, is not applied inflexibly. *Id.* at 1038; *see also* 21 C.J.S. *Courts* § 149(b) (1990). Indeed, this court need not apply the doctrine to promote efficiency at the expense of the greater interest in preventing unjust results or unwise precedent. *Thurston,* 892 P.2d at 1039. Accordingly, the doctrine will generally not be enforced under the following exceptional circumstances:

> (1) when there has been an intervening change of controlling authority; (2) when new evidence has become available; or (3) when the court is convinced that its prior decision was clearly erroneous and would work a manifest injustice.

*Id.; see also* 18 Charles Allen Wright et al., *Federal Practice & Procedure* § 4478, at 790

(1981). Therefore, although the doctrine is not an inexorable command that rigidly binds a court to its former decisions, it is waived only for the most cogent of reasons.

¶ 10 Here, this court determined in *Gildea I* that the Gildeas' claims against Guardian were frivolous, and consequently awarded Guardian its costs and reasonable attorney fees on appeal pursuant to rule 33(a) of the Utah Rules of Appellate Procedure in an amount to be determined by the district court. *See Gildea I,* 970 P.2d at 1272. Thereafter, in accordance with rule 35 of the Utah Rules of Appellate Procedure, Marsh and the Gildeas filed a petition for rehearing, asking this court to reconsider our ruling awarding costs and attorney fees to Guardian under rule 33, which this court denied. Despite the above, the Gildeas and Marsh now seek to relitigate in this appeal the issue of whether their appeal in *Gildea I* was frivolous. However, the Gildeas and Marsh have failed to make any showing that there has been an intervening change of controlling authority, that new evidence has become available, or that this court's prior decision was clearly erroneous and would work a manifest injustice. Therefore, in the interest of avoiding the "delays and difficulties involved in repetitious contentions and reconsideration of rulings on matters previously decided in the same case," *Thurston,* 892 P.2d at 1037, we decline, under the law of the case doctrine, to consider the Gildeas' argument that the former appeal of this case did not merit the imposition of attorney fees under rule 33. Accordingly, we affirm the district court's order awarding $5136.02 in attorney fees and costs against the Gildeas and Marsh, as per this court's decision in *Gildea I.*[1]

## II. PROPRIETY OF RULE 11 SANCTIONS

¶ 11 We next address Marsh's argument that the district court erred in awarding $768.75 as sanctions under rule 11 of the Utah Rules of Civil Procedure. Specifically,

---

1. The only objection Marsh and the Gildeas raise with regard to the *amount* of attorney fees awarded by the district court appears in their reply brief. However, it is well settled that "issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court." *Brown v. Glover,* 2000 UT 89, ¶ 23, 16 P.3d 540; *see also* 5 Am.Jur.2d *Appellate Review* § 560 (1995); 4 C.J.S. *Appeal and Error* § 619 (1993). Therefore, because Marsh and the Gildeas' argument concerning the amount of the district court's award was not presented in their opening brief, we do not address it.

Marsh argues that because the district court ordered rule 11 sanctions against him without first affording him adequate notice and an opportunity to respond, he was denied his right of due process.[2]

¶ 12 As the court of appeals correctly noted in *Poulsen v. Frear*, " '[d]ue process is a flexible concept, and the particular procedural protections vary, depending upon all the circumstances.' " 946 P.2d 738, 743 (Utah Ct.App.1997) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987)). Before imposing sanctions on a party under rule 11, due process requires that the party receive adequate notice and an opportunity to respond. *See* Utah R. Civ. P. 11(c) ("If, *after notice and a reasonable opportunity to respond*, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction ...." (emphasis added)). This requirement, however, does not necessitate a formal evidentiary hearing. *Braley*, 832 F.2d at 1515; *see also* 2 James Wm. Moore et al., *Moore's Federal Practice* § 11.23[3] (3d ed.2001); 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1337, at 129 (2d ed.1990). Rather, due process is generally satisfied if the accused is "given an opportunity to respond, either orally or in writing, to justify his or her actions." *Id.* When a court considers sanctions on its own initiative, due process requirements are met by issuing an order "directing [the] attorney, law firm, or party to show cause why it has not violated [rule 11]," Utah R. Civ. P. 11(c)(1)(B), and allowing the party a reasonable time in which to file a response. *See, e.g., Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 92–94 (2d Cir.1999); *Braley*, 832 F.2d at 1515; *Poulsen*, 946 P.2d at 743; Moore, *supra*.

¶ 13 In the instant case, although Guardian filed its rule 11 motion with the district court, it never served the same on Marsh, nor was the motion ever submitted for decision. The district court awarded sanctions on its own initiative. However, in awarding sanctions sua sponte, the district court failed to afford Marsh a hearing or any other opportunity to respond to the imposition of rule 11 sanctions. As explained above, although a hearing on the matter was not necessarily required, the district court should have given Marsh an opportunity, either orally or in writing, to show cause why he should not be sanctioned. Accordingly, we reverse the sanctions imposed and remand for the district court to allow Marsh an adequate opportunity to be heard on the rule 11 sanctions.

### CONCLUSION

¶ 14 We affirm the district court's award of $5136.02 in attorney fees and costs against the Gildeas and Marsh in accordance with our decision in *Gildea I*. However, we hold that the district court erroneously ordered rule 11 sanctions without first affording Marsh an opportunity to respond, and therefore, we reverse the rule 11 sanctions and remand this issue to the district court to allow Marsh an opportunity to be heard.

¶ 15 Chief Justice HOWE, Justice DURHAM, Justice DURRANT, and Justice WILKINS concur in Associate Chief Justice RUSSON's opinion.

---

**2.** As noted above, Marsh also argues that the district court's imposition of rule 11 sanctions should be reversed because the district court's order was not supported by adequate findings.

However, because Marsh's due process argument is dispositive, we do not address his alternative argument regarding the district court's findings.