# Ohio Valley Trust Co. *v.* Allison, Appellant.

*Contracts—Contracts for the sale of land—Fraud—Rescission—Assumpsit—Recovery of purchase price paid—Damages—Interest.*

1. In an action of assumpsit to recover a sum paid by plaintiff on account of the purchase price of land with certain damages, it appeared that defendants had agreed to sell to plaintiff a certain piece of land with the improvements thereon for $3,750, of which $1,000 was to be paid in cash and the balance in two years with interest; before the execution of the agreement defendants had pointed out to plaintiff the ground and the location of the lines of the real estate; that the plaintiff after entering into possession vacated the premises, claiming that the lines had been misrepresented and that certain buildings and improvements which had been pointed out as belonging to the property were not situated upon the ground purchased. Plaintiff sought to recover the amount paid on account of the purchase price and also certain sums paid for interest, repairs, taxes, insurance and the cost of removal. Defendants denied that they had misrepresented the lines to the plaintiff. The court admitted evidence to show the cost of removing plaintiff's goods from the premises, to show the amount paid by plaintiff for the repair of a roof, and excluded evi-

dence of a bond of indemnity prepared by defendants but never delivered to indemnify plaintiffs against loss if the lines should not correspond to the lines pointed out, and refused a claim for refund of interest paid on balance of purchase money. The court submitted the case to the jury, and charged that amounts expended for repairs and improvements to the property might be included should they find for the plaintiff, and that interest upon advance purchase money could be recovered only from the day that the plaintiff gave up possession of the property. The jury found a verdict for plaintiff upon which judgment was entered. *Held,* no error.

2. In such a case the defendant is not entitled to a reduction of the verdict for the use of the property, where no evidence was offered to show what such use was worth, particularly where the interest upon the whole purchase money which defendant was permitted to retain fairly balanced the rental value.

Argued Oct. 21, 1913.   Appeal, No. 30, Oct. T., 1913, by defendants, from judgment of C. P. Allegheny Co., Third T., 1909, No. 41, on verdict for plaintiff in case of Ohio Valley Trust Company, Receiver of Farmers Co-Operative Supply Company, a corporation, *v.* Russell M. Allison and John V. Hooper, late partners, doing business as Allison & Hooper.   Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Assumpsit to recover a sum paid on account of the purchase price of land.  Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $1,763.31 and judgment thereon.  Defendants appealed.

*Errors assigned,* among others, were various rulings of the trial judge, and various instructions to the jury referred to in the opinion of the Supreme Court.

*R. W. Irwin,* with him *A. H. Mercer,* and *J. A. Wiley,* for appellants.

*W. H. S. Thomson,* with him *Frank Thomson,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

This is an action of assumpsit brought by the Farmers Cooperative Supply Company against the defendants as partners.  While the action was pending, the Ohio Valley Trust Company, Receiver, was substituted as party plaintiff.  The controversy arose out of the sale by defendants to plaintiff of certain real estate.  For some ten years prior to March, 1906, defendants had carried on business on the premises which they sold, as dealers in agricultural implements, grain, feed and lumber.  On March 22, 1906, they agreed in writing to sell and convey to plaintiff a certain piece of real estate with the improvements thereon, and a stock of goods and merchandise contained therein.  The personal property was paid for, and no question arises as to it.  The consideration for the real estate was $3,750.00 of which $1,000.00 was paid in cash, and the balance was to be paid in two years with interest.  Shortly before the execution of the agreement of sale, the defendants pointed out to plaintiff on the ground, the location of the lines of the real estate. Possession was given on April 1, 1906, and plaintiff remained on the premises until about April 1, 1908, when it vacated, claiming that the lines had been misrepresented, and that certain buildings and improvements which had been pointed out, were not actually situated upon the ground owned by defendants.  Upon discovery of what it alleged was misrepresentation in this respect, plaintiff undertook to rescind the contract and brought this suit to recover the $1,000 paid on account of the purchase money, and also sought to recover certain other sums paid for interest and for repairs, taxes, insurance, and cost of removal.  Defendants denied all misrepresentation.  The trial in the court below resulted in a verdict of $1,763.31 for the plaintiff, and defendants have appealed.

The first assignment of error is to the admission of evidence as to the cost of removing plaintiff's goods from the premises. Appellants deny that this was a proper element of damages. The claim is merely for the expense incurred in moving the goods. Plaintiff made no profit out of the transaction. The amount was only that required to make it whole, and if the expenditure was incurred through the fault of the defendants, it was properly allowed.

In the second assignment of error, complaint is made of the admission of evidence as to the amount paid by plaintiff for the repair of a roof which was leaking, and required attention. Here again it appeared that the repairs were made in reliance upon the contract which defendants failed to carry out. The benefit of the work done goes to defendants as they take back the land and the buildings. Under the circumstances here shown, we think the cost of these repairs was properly to be regarded as an element of the damages, and evidence of such cost was admissible. A full discussion of the principle involved and a citation of authorities bearing thereon, may be found in Vernam v. Wilson, 31 Pa. Superior Ct. 257.

The third assignment of error is to the exclusion of defendants' offer in evidence of a bond of indemnity. It seems that a building upon part of the land was admittedly the property of an association. The defendants had acquired all the stock of that association, excepting that of three persons; they claimed that plaintiff had agreed to take a bond of indemnity to protect it against these outstanding interests, and that the bond offered in evidence had been prepared for that purpose. But it did not appear that this bond in question had been accepted by the plaintiff, or even that it had ever been tendered to it. The offer was properly rejected. The trial judge did submit to the jury the question whether plaintiff knew of these outstanding interests, and had agreed to accept a bond of indemnity as against them. The fact

that defendants prepared a bond which was never delivered to plaintiff, would throw no light upon these questions.

The fourth assignment is to that portion of the charge which dealt with the allegation that the vendors had pointed out lines which included land they did not own. The testimony was conflicting as to this, and it was the chief point in dispute.  We think the trial judge submitted it squarely to the jury and without any intimation of any thing that would work prejudice to the defendants.  It appears from the evidence, that defendants knew where the lines were, and knew that the building projected over the actual line in places.  It was only a question as to what they actually told the officers of the plaintiff in this respect.

In the fifth assignment it is alleged that the court below erred in that portion of the charge relating to the "skating rink."  But in this he also left to the jury the question whether the defendants had deceived the plaintiff with regard to the ownership of the building.  In the agreement of sale as set forth in the affidavit of claim, the "two story rink building" is included, and it was located on ground alleged to have been pointed out as belonging to them.  Here again it was simply a question of fact as to what representations were really made. We see no error in the portion of the charge submitting to the jury the question of the representations that were made as to the ownership of this building.

The sixth assignment alleges error in charging the jury that the amount expended for repairs and improvements to the property might be included in the damages, should they find for the plaintiff.  That subject has been disposed of in discussing the second assignment of error.

In the seventh specification it is alleged that the charge as a whole was inadequate.  Fault is found that the trial judge did not refer particularly to the testimony of the witness Burns.  But comment was not made upon the testimony of any particular witness.  There

was no discrimination.   The charge was fair and impartial.   We see no feature of the case in which the jury were in any way misled, or were turned aside from the real issues involved.   It is suggested by counsel for appellants that some deduction from the verdict should have been made for the use of the property while it was occupied by plaintiff.   But no evidence was offered to show what such use would have been worth.   The jury were instructed that interest upon the $1,000 of purchase money could be recovered only from the date when plaintiff gave up possession of the property.   And a claim for the return of interest paid on the balance of the purchase money was refused by the trial judge upon the ground that the plaintiff could not have the use and occupancy of the property, and at the same time secure a return of the interest paid upon the purchase money. The one seems to have fairly balanced the other.   We do not see that defendants have any just cause of complaint at the manner in which this case was tried, or at the result.   Appellants have their property again, and are required to repay to the plaintiff only the money which they actually received on account of the purchase, and the additional amounts expended by plaintiff for necessary repairs, and for the cost of removing the goods from the premises, and in the payment of one year's taxes.

The assignments of error are all overruled, and the judgment is affirmed.