### BECHARD *v.* BOLTON.

1. VENDOR AND PURCHASER—RESCISSION—RESTORATION TO STATUS QUO—EQUITY—DECREASE IN PURCHASE PRICE.

   Where a suit has been brought in equity to rescind a land contract and the parties cannot be restored to the status quo that previously existed, it may be equitable to decrease the purchase price or make allowance because of some slight defect in the title.

2. SAME—RAZING OF DILAPIDATED GARAGE—RESCISSION.

   Razing of old garage, which had been used as a shelter for an automobile, by purchasers under land contract would not prevent them from having rescission where evidence shows that garage was in such a dilapidated condition that there was imminent danger of its falling down.

3. SAME—RESCISSION—ACCOUNTING—EQUITY.

   Rescission and accounting should not be granted in a suit to rescind a land contract if the results would be unjust and inequitable.

4. SAME—TITLE—ENCUMBRANCES—RESCISSION.

   Where such title to 200-acre farm as vendors under land contract could convey was subject to an easement to a power company over a small portion and did not include mineral rights to 40 acres nor a strip 33 by 2,640 feet on one side of part of it, purchasers *held*, entitled to rescission notwithstanding they had razed a dilapidated garage, where they did not discover such defects until abstract of title was furnished.

---

* Continued from Vol. 315.
Rescission, conditions, see 1 Restatement, Contracts. § 481.

·5. SAME—RESCISSION—DISCRETION OF COURT.

The granting or withholding rescission of a land contract is not a matter of right but rather one of grace, and lies largely within the court's discretion.

6. SAME — POSSESSION — RENT — INTEREST — TAXES — IMPROVE-
MENTS—CROPS—RESCISSION—LIENS.

Where purchasers, seeking rescission of .land contract for purchase of 200-acre farm, had the right of possession to the property from the date of the contract for upwards of three years and have used it to a considerable extent, the rental value offsets the interest, taxes, improvements made, or crops sòwn, hence rescission is granted where defects in title of which plaintiffs did not have notice rendered it less merchantable and vendors are ordered to make repayment of a' sum with legal interest from date of entry of decree in Supreme Court with lien on the land to secure repayment.

Appeal from Alcona; Dehnke (Herman), J. Submitted June 5, 1946. (Docket No. 25, Calendar No. 43,378.) Decided October 7, 1946.

Bill by Alfred A. Bechard and wife against Miriam G. Bolton to cancel a land contract, to require payment by defendant of amounts received by her on land contract and for a lien. Decree adjusting selling price. Plaintiffs appeal. Reversed and decree entered for plaintiffs.

*Charles A. Lorenzo,* for plaintiff.

*William R. Barber,* for defendant.

BUTZEL, C. J. On March 1, 1943, Alfred A. and Louise Bechard, plaintiffs, entered into a land contract to purchase from Miriam G. Bolton, defendant, 200 acres of land in· Alcona county for the sum of $3,500. They made an initial payment of $1,000 and agreed to pay the balance with 6 per cent. interest at the rate of $75 quarterly, beginning June 1,

1943. The contract provided for an abstract of title showing a merchantable title and a warranty deed subject to liens and incumbrances thereafter created. Prior to the purchase, defendant's husband wrote to Mr. Bechard that there were 40 acres on the north side of Hubbard Lake Road and 160 acres on the south side, and that 55 acres of the latter were cleared and 105 acres in heavy woods. Shortly thereafter Mr. Bolton drove out to the farm with Mr. Bechard. There was heavy snow on the ground. They went to the house on the premises and Mr. Bolton pointed out the line as they drove down the road. . Mr. Bechard testified that Mr. Bolton told him there were 40 acres on one side of the road and 160 acres on the other. The abstract was furnished plaintiff when they were prepared to pay the balance and take title. The abstract showed (a) that a strip, 33 by 2,640 feet long, of the 160-acre tract had been conveyed to the county off the west side; (b) that in a prior conveyance the State of Michigan had reserved the mineral rights to 40 acres of the property; (c) that the power company had an easement over a small portion of the property. Plaintiffs claimed that they did not know of these incumbrances until plaintiffs were furnished with the abstract. Upon discovering these defects in the title they brought suit in equity to rescind the contract and recover the moneys paid to defendant and the amounts expended for taxes and improvements.

The record does not show that there was any bad faith on defendant's part. The court, however, found, and the testimony sustains him, that the plaintiffs had also acted in good faith, and there was something more substantial on their part than a desire to "escape a bad bargain;" that there was no evidence that the price agreed upon in the first

instance was unreasonable, and the court also found that the farm prices had continued on the increase since the date of the contract. He further found that had plaintiffs given notice of rescission, surrendered possession and sued at law for the money paid on the contract, they would have been entitled to a directed verdict. *Lavey* v. *Graessle,* 245 Mich. 681 (64 A. L. R. 1477), and *Porter* v. *Ridge,* 310 Mich. 425. In the latter case, it was held that a right of way to lay, maintain, operate and remove telephone lines over property sold under a land contract was an incumbrance and would prevent the purchaser from obtaining a merchantable title. Frequently where suits have been brought in equity, and the parties cannot be restored to the status quo that previously existed, the trial judge has made an equitable adjustment by decreasing the purchase price or making allowances because of some slight defect in the title.

In the case at bar, the trial judge denied rescission to the plaintiffs but gave them an election to be made within 10 days either to accept a deed subject to the defects and incumbrances mentioned with a reduction of $400 in the purchase price, or take a deed to the land as described except the southeast quarter of the northwest quarter of section 31 (in which the State owns the mineral rights), and subject to the other defects and incumbrances listed, with a reduction of $700 in the purchase price. Further, if defendant believed that her loss would be less by the entry of a decree of rescission, she might so elect. Neither party having made an election within the time stipulated, the court entered a final decree fixing $400 as the damages because of the three defects, and reduced the purchase price from $3,500 to $3,100, less taxable costs of the suit.

Plaintiffs appeal, and claim that under the facts, the court should have granted rescission. Defendant claims that there should be no rescission, because she claims the property cannot be restored to the condition it was in before the contract was made. It was shown that an old garage that had been used as a shelter for an automobile, had been torn down by the plaintiffs. The testimony shows that it was in such a dilapidated condition that there was imminent danger of its falling down, and, therefore, it was razed.

We have held that rescission and accounting should not be granted if the result would be unjust and inequitable. *Amster* v. *Stratton,* 259 Mich. 683. We, however, find nothing unjust or inequitable in allowing rescission in the instant case. The granting or withholding rescission is not a matter of right but rather one of grace, and lies largely within the court's discretion. *Baughan* v. *Mortgage & Contract Co.,* 263 Mich. 249; *Bonninghausen* v. *Hall,* 267 Mich. 347. The court referred to *Hyman* v. *Boyle,* 239 Mich. 357; *Amster* v. *Stratton, supra; Baughan* v. *Mortgage & Contract Co., supra.* There were circumstances in these cases which would have made it inequitable to order rescission, and, therefore, a reduction in the purchase price or some other relief was granted, because of the defects. We find no such circumstances in the present case and believe under the facts contained herein rescission should have been ordered. However, the plaintiffs had the right of possession to the property from the date of the contract and have used it to a considerable extent. We, therefore, hold that the rental value of the property should offset all interest and taxes paid, and that there should be no recovery because of the improvements made or crops sown. Plaintiffs should not

be obliged to accept a title with the defects mentioned which later would affect its merchantability and would in other respects make the property less valuable.

The decree may provide that defendant shall repay to plaintiffs $2,034.73 with interest at the rate of 5 per cent. per annum from the date of the decree to be entered in this Court, and that such payment shall be secured by a lien upon the land in suit. Plaintiffs shall have costs.

CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.