Carl C. DUGAN and Louise Dugan, husband and wife, Plaintiffs and Appellants,

v.

Luther Eugene JONES and Betty Elvira Jones, et al., Defendants, Third-Party Plaintiffs and Respondents,

v.

O.B. OBERHANSLEY, Lester Clan Stilson and United Farm Agency, a Utah corporation, Third-Party Defendants.

No. 20199.

Supreme Court of Utah.

Aug. 7, 1986.

Ray E. Nash, Vernal, for plaintiffs and appellants.

Tim Dalton Dunn, Salt Lake City, for defendants, third-party plaintiffs and respondents.

PER CURIAM:

Plaintiffs Dugan appeal from a judgment of rescission awarding defendants Jones amounts paid for real property defendants purchased from plaintiffs and restoring title to the property in plaintiffs subject to the satisfaction of the money judgment awarded to defendants. We affirm.

This case is before us for the second time. The facts may be found in *Dugan v. Jones*, 615 P.2d 1239 (Utah 1980) ("Dugan I"), and are restated here only briefly.

In 1973, plaintiffs sold defendants property consisting of 6.9 acres of land which

they represented contained 22.75 acres instead. The purchase price was $50,000. On the day they took possession, defendants had paid in cash a total of $8,500, assumed an existing mortgage of $5,000, and purchased the store inventory for approximately $10,000. The land included a store and apartment (the store) operated and occupied by plaintiffs. In late 1976, when defendants learned of the discrepancy in acreage and diverted their monthly mortgage payments to a bank account pending resolution, plaintiffs sued to foreclose on the note and mortgage executed by defendants. Defendants counterclaimed and joined third-party defendants alleging fraud, negligent misrepresentation, breach of contract, and breach of fiduciary duty. The trial court dismissed their counterclaim and third-party complaint and found in favor of plaintiffs on their complaint. This Court reversed the judgment and remanded the case for a new trial, allowing defendants to have a jury determine the factual issues raised by their counterclaim and third-party complaint. Defendants abandoned the property before our decision in Dugan I issued.

Upon remand, the parties stipulated to defendants' election of the remedy of rescission, and trial proceeded on the issue of damages. The trial court vested title to the property in plaintiffs subject to the satisfaction of a judgment it awarded defendants for the payments they had made on the purchase price and for property taxes they had paid between 1973 and 1978. In other pertinent findings, the Court disallowed defendants' claim for interest on the payment made by them on the purchase price. It also found that defendants had committed waste in the buildings and on the land and that the store was worth less than in 1973. The Court found that the loss in value resulting from waste should be apportioned equally between the parties. The findings disclose that plaintiffs had knowledge of defendants' abandonment on the day defendants left, and the majority of the waste was the result of vandalism that occurred after defendants left. The Court also disallowed plaintiffs' claim for rent.

Plaintiffs seek a remand to the trial court for reconsideration of losses they allegedly suffered from defendants' commission of waste and of the fair rental value of the property while defendants were in possession. Defendants respond that plaintiffs failed to object to the proposed findings and that their appeal should therefore be dismissed. On the substantive issue, defendants respond that the trial court's decision should be upheld as not clearly erroneous. We first decide defendants' procedural challenge.

## I.

An objection to findings of fact and conclusions of law may be made in the form of a motion for a new trial or amendment of judgment, procedures governed by Rule 52(b) and Rule 59 of the Utah Rules of Civil Procedure. "It is settled that ... a rule 59 motion is [not] a condition precedent to appeal from final judgment." *The Nature Conservancy v. Nakila,* 4 Hawaii App. 584, 671 P.2d 1025 (1983); *Kahn v. Weldin,* 60 Or.App. 365, 653 P.2d 1268 (1982); *Alaska Airlines, Inc. v. Sweat,* 568 P.2d 916 (Alaska 1977). 6A J. Moore, *Federal Practice* § 59.15[3] (2d ed. 1986) addresses the submitted issue in language as follows:

> A motion for a new trial is not a prerequisite for an appeal from a judgment; and on such appeal review may be had of any legal error, properly raised, that appears in the record, whether the action be a jury or court action. And in the latter action the scope of review also embraces the facts, but the trial court's findings of fact are not to be set aside by the appellate court unless clearly erroneous.

In this proceeding in equity, this Court is free to review both the facts and the law as found and applied by the trial court, but will not disturb the trial court's findings of facts unless the evidence clearly preponderates against them. *In re Estate of Hock,* 655 P.2d 1111 (Utah 1982); *Jensen v. Brown,* 639 P.2d 150 (Utah 1981); *Carnesecca v. Carnesecca,* 572 P.2d 708

(Utah 1977). The failure to object to the findings was not fatal to defendants' appeal. We proceed to the merits.

## II.

The purpose of an equity action is to restore the parties to the status quo to the extent possible, *Horton v. Horton,* 695 P.2d 102 (Utah 1984), or as demanded by the equities in the case, *Forsythe v. Elkins,* 700 P.2d 596 (Mont.1985). In the case of a rescission, the buyers are entitled to be returned to the status quo and to recover the payments made on the contract, less the fair rental value of the premises for the time they had possession thereof. *Farmer v. Groves,* 276 Or. 563, 555 P.2d 1252 (1976); *see also Matanuska Valley Bank v. Abernathy,* 445 P.2d 235 (Alaska 1968); *Bezner v. Continental Dry Cleaners, Inc.,* 548 P.2d 898 (Utah 1976).

The trial court in this case disallowed plaintiffs an offset for the fair rental value of the store sold to defendants. The evidence adduced at trial on this issue conflicted. Plaintiffs' witness testified that the store was in excellent condition at the time of sale and that the entire property could have been rented for $500 a month. Defendants' witness, a banker and fee appraiser, testified that the only building nearby that had rented for $500 a month was a utility shed which served an entirely different function. He testified that an inspection of the store for loan and appraisal purposes revealed large cracks in the structure, a leaking roof, and dry rot in the basement. Although the store had value in use, its universal appeal was only limited, and the structure had little or no value. With permission of the parties, the court itself viewed the premises before rendering its decision.

■ While assigning error to the trial court's failure to award them rent, plaintiffs fail to acknowledge that the court also disallowed defendants interest on payments made on the purchase price for the period before rescission on the expressly stated ground that defendants had the use and possession of the property, although plaintiffs had the use of defendants' money. That finding itself implies that the trial court did in fact compensate plaintiffs for the loss of use and possession of their property. Since it was difficult to arrive at a fair rental value, given the limited use value of the store and the sparsely populated area where the store was located, that financial adjustment seems eminently fair and equitable. The rule that the rescinding party must restore the opposing party to the status quo

> is not a technical rule, but rather it is equitable, and requires practicality in adjusting the rights of the parties. How this is to be accomplished, or indeed whether it can, is a matter which is within the discretion of the trial court under the facts as found to exist by the trier of fact.

*Smith v. Huber,* Colo.App., 666 P.2d 1122 (1983). The resolution of the matter in the case under review was well within the ambit of the trial court's discretion.

## III.

Plaintiffs claim that the trial court did not adequately compensate them for their loss incurred as a result of defendants' permissive waste. They take the position that defendants did not come into court with "clean hands" and that as the party seeking rescission they were required to mitigate damages. The evidence supporting their stance is tenuous at best.

■ A plaintiff alleging waste can establish the measure of damages by showing either the difference in market value before and after the injury, or the cost of restoration. *Jowdy v. Guerin,* 10 Ariz. App. 205, 457 P.2d 745 (1969); *see also Johnson v. Northwest Acceptance Corp.,* 259 Or. 1, 485 P.2d 12 (1971). Here, the evidence at trial showed that between the time defendants took possession and abandoned the premises, no change occurred in the structure of the store which might have affected its fair market value. Defendants testified that the store was in very poor shape when they bought it and that they had planned to bulldoze it once a perma-

nent structure had been erected in the back. They secured the store when they left. Mr. Dugan himself testified that he knew of defendants' abandonment of the property the day they left and that the building had deteriorated since that time. He also conceded that he had been chasing vandals from the property constantly since that time. Defendants' banker and fee appraiser stated that the vandalism had not resulted in structural damages, but that the total cost to cosmetically restore the store to 1973 standards would be anywhere between $15,000 and $20,000. It is clear that the court used the $15,000 restoration value to award plaintiffs an offset of $7,500 for waste. The court expressly found that plaintiffs "had the authority to occupy the property and to prevent damage to the property pursuant to the mortgage. Consequently, a portion of the waste, the majority of which is conceded to have occurred after [defendants] left, could have been avoided by the [plaintiffs]." The court found that plaintiffs could have avoided waste in the amount of $7,500, resulting in the offset above set out. Those findings are amply supported by testimony volunteered by Mr. Dugan himself and further buttressed by language in the mortgage permitting plaintiffs to retake possession upon abandonment by defendants. Under those circumstances, we find the court's award ample compensation for plaintiffs.

The judgment is affirmed in its entirety with costs awarded to defendants.