■ JOSEPH J. LIBASSI et al., Plaintiffs, and SONNY MAWARDI, Appellant, v ANGELO F. CHELLI et al., Respondents. [615 NYS2d 77] —In an action, *inter alia,* to recover damages for fraud and for rescission of a contract, the plaintiff Sonny Mawardi appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated May 24, 1991, which (1) granted the defendants' motion for "reverse" summary judgment in his favor and against the defendants Robert Kuehlwein and Rocco Moretto on his cause of action for rescission, (2) severed that cause of action from the remaining causes of action asserted in the complaint, (3) directed the defendants Robert Kuehlwein and Rocco Moretto to deliver to him an instrument canceling a certain easement, (4) directed him to deliver the sum of $75,000 to the defendants Robert Kuehlwein and Rocco Moretto, and (5) authorized the entry of a money judgment in the principal sum of $75,000 against him, upon his failure to comply with the terms of the order.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for "reverse" summary judgment in favor of the plaintiff Sonny Mawardi is denied.

**The plaintiff Sonny Mawardi granted an easement over his property to the defendants Robert Kuehlwein and Rocco Moretto and would not have done so had he known that they intended to build a housing development on a neighboring lot.** He received $75,000 in return for granting the easement. The project was later abandoned, and other project participants were directed to reconvey the site of the development to the parties from whom it had been purchased *(see, Libassi v Chelli,* 206 AD2d 509 [decided herewith]). Mawardi alleges that, in the meantime, he sold his property at a price which was significantly depressed as a result of the presence of the easement which he had been fraudulently induced to grant.

Mawardi has no duty to elect his remedy until the time of trial *(see, Baratta v Kozlowski,* 94 AD2d 454, 464). The defendants have no right to compel him to choose rescission over damages for fraud prior to trial. Under these circumstances, it was error to compel Mawardi to accept the remedy of rescission at this time. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.