■ JOSEPH J. LIBASSI et al., Appellants, et al., Plaintiff, v ANGELO F. CHELLI et al., Respondents, et al., Defendants. [615 NYS2d 75] —In an action to rescind a contract to convey real property, the plaintiffs Joseph J. and Melinda Libassi appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Imperato, J.H.O.), entered December 13, 1991, which, upon the appellants' motion for summary judgment on their cause of action for rescission, is in favor of the defendants in the principal sum of $77,448.68, and against them.

Ordered that the order and judgment is reversed, on the law, with costs, and the plaintiffs Joseph J. and Melinda Libassi are awarded the principal sum of $83,857.44, payable by the defendants Angelo F. Chelli and Robert D. Bush; and it is further,

Ordered that the matter is remitted to the Supreme Court, Richmond County, for the settlement of a final judgment on notice.

On September 16, 1986, the plaintiffs, Joseph and Melinda Libassi (hereinafter the sellers), sold undeveloped real estate to the defendants Angelo F. Chelli and Robert D. Bush (here-

inafter the buyers). The buyers paid $120,000 in cash and executed two notes pursuant to which they were jointly and severally liable to the sellers for the sum of $280,000. The notes bore an interest rate of 10% per annum, payable monthly, and were to be repaid within two years, that is, on September 15, 1988. The debt of the buyers was secured by the issuance of a purchase money mortgage.

In 1987 the sellers commenced an action against the buyers based on allegations of fraud. The sellers alleged that they had been misled into believing that the buyers had intended to improve the real estate in question with two single-family houses, whereas the buyers had actually intended to improve this land, as well as an adjacent piece of property, with a 42-unit housing development.

The buyers continued to make interest payments on the purchase money mortgage debt after the commencement of the action. However, payments were discontinued as of September 16, 1988. Also, at some point, the buyers stopped paying property taxes, forcing the sellers to pay taxes during the pendency of their action.

In a decision dated November 28, 1989, the Supreme Court granted "reverse" summary judgment in favor of the sellers on their cause of action for rescission based on the defendants' alleged fraud. The buyers were directed to reconvey the property to the sellers, and a hearing was scheduled. On April 26, 1990, the property was reconveyed to the sellers. The $120,000 down payment was returned to the buyers and the purchase money mortgage was satisfied of record.

The parties agreed that their monetary claims against one another could be resolved without a hearing, based on the contents of their respective bills of particulars, as modified by a stipulation. Based on these documents, a Judicial Hearing Officer made certain recommendations, and this was followed by the entry of a judgment in favor of the buyers in the principal sum of $77,448.68, determined as follows:

| | |
|---|---|
| Real estate taxes paid by buyers | $ 6,634.68 |
| Interest on purchase money mortgage paid by buyers through 9/30/88 | 56,000.00 |
| Transaction costs | 24,416.00 |
| SUBTOTAL | $87,050.68 |
| Credit to sellers for their closing costs | (9,602) |
| TOTAL | $77,448.68 |

On appeal, the sellers argue that the money judgment noted

above should be vacated and that this Court should instead award a money judgment in their favor in the amount of $83,857.44, determined as follows:

| | |
|---|---:|
| Interest owed on purchase money mortgage and not paid by buyers through 4/26/90 | $62,689.85 |
| Real estate taxes paid by sellers | 11,565.59 |
| Transaction costs | 9,602.00 |
| TOTAL | $83,857.44 |

The buyers do not dispute their obligation to reconvey the property to the sellers and the sellers do not dispute their obligation to return the down payment to the buyers. The buyers argue, primarily, that because they were supposedly prevented from developing the property as they had intended as the result of the conduct of the sellers, they should not have to pay interest on the purchase money mortgage and should not have to pay the tax liability incurred by them during their ownership of the property. We disagree.

Under the circumstances of this case, the buyers must be deemed to have admitted the allegations of fraud which were essential to the sellers' request for rescission. The buyers may not induce the Supreme Court or this Court to grant the remedy of rescission on a piecemeal basis. By effectively conceding that the sellers are entitled to rescission on the basis of fraud, the buyers must be taken to have conceded the sellers' entitlement to all the money damages to which any person who had been fraudulently induced to sell property would be entitled.

The sellers have a dual status in this case: they are both the transferors of real property to and the creditors of the buyers by virtue of their being purchase money mortgagees. In essence, they loaned the buyers the sum of $280,000, and this sum was to be repaid on stated terms as part of an arms-length business transaction. There is no reason in law or in equity why the terms of this loan should not be enforced (see generally, Larsen v Potter, 174 AD2d 801; see also, Bechard v Bolton, 316 Mich 1, 24 NW2d 422; Ohio Val. Trust Co. v Allison, 243 Pa 201, 89 A 1132).

Similarly, there is no reason in law or in equity to shift the tax liabilities incurred by the buyers while they owned the property to the sellers. The Supreme Court had a choice between requiring the sellers to absorb a tax liability relative to property they did not own and could not use, or requiring the buyers to absorb a tax liability relative to property which they did own and could use. The Supreme Court incorrectly

chose the former alternative on the theory that the buyers could not use the property as they had planned. Again, however, there is no evidence that the sellers were responsible for this circumstance.

Finally, the sellers are entitled to be reimbursed for what they describe as "transaction costs". An award of damages related to "transaction costs" is available collateral to the remedy of rescission based on allegations of fraud *(see, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461). Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.