2002 UT App 281

**Dan F. LEE, Plaintiff and Appellee,**

v.

**Dora SANDERS aka Dora Branin, and John Does 1–10, Defendants and Appellants.**

No. 20000945–CA.

Court of Appeals of Utah.

Sept. 6, 2002.

Howard Chuntz, Orem, for Appellants.

Ralph C. Amott, Hill, Johnson & Schmutz, Provo, for Appellee.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Dora Sanders appeals from the trial court's order determining her money interest in a partnership property. We reverse and remand.

## BACKGROUND

¶ 2 In 1994, Sanders and Dan Lee jointly purchased property in American Fork, Utah. The couple resided on the property and shared expenses through November 1996 when Sanders moved. From that time forward, Lee assumed all responsibility for the costs associated with the property, including the mortgage, insurance, taxes, and maintenance costs.

¶ 3 In October 1999, after attempting to refinance or sell the property and learning that Sanders was still a named title holder, Lee filed suit against Sanders in an attempt to quiet title. Lee's complaint listed three causes of action: (1) equitable dissolution and division of partnership property and/or judgment for contribution and payments of plaintiff; (2) quiet title; and (3) accommodation. In addition to asking the court for an order quieting title in his name, Lee requested an order

> dissolving the partnership of the parties [sic], ... and an accounting and determination of all partnership proceeds and contributions, and ... an order determining the relative equitable value of each parties contribution to the investment property, which [Lee] believes should be a finding of 100% interest in the property to [Lee] and 0% to [Sanders].

Sanders filed an answer, and, on June 6, 2000, after sufficient time had passed to permit the Parties an opportunity to conduct discovery, a trial was held.

¶ 4 Following the trial, the court issued a memorandum decision wherein the court found, inter alia, that the Parties had purchased and recorded the property as joint tenants. The court also determined that "based upon principles of equity and partnership, the Parties, though unmarried[,] should share equally in the amount of equity found by the court." The court then proceeded to determine that equity was best determined by examining the change in the amount owed on the mortgage over the time that the Parties jointly occupied the property. The trial court then determined that the amount owed on the property had decreased $1160.97 during the period in question, awarded Sanders one-half of that amount, and quieted title in Lee's name.

¶ 5 Sanders subsequently filed a Motion to Amend the Judgment arguing that the trial court used an incorrect method to determine equity, and asserting that because neither party had asked the trial court to determine the equity vested in the property, and because neither party had presented any evi-

dence of the value of the property, the court had erred in making its equity determination. The trial court denied the motion, concluding that while "neither party [had] presented evidence of the property's actual or appraised value at trial," both Parties "put at issue the value of the real property at issue in the lawsuit." Sanders now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Sanders argues that the trial court's decision to determine the amount of equity vested in the property was improper because the issue of equity was neither pleaded nor argued by the Parties. Whether an issue was properly before the trial court presents a question of law, which we review for correctness. *See Keller v. Southwood N. Med. Pavilion,* 959 P.2d 102, 105 (Utah 1998); *Combe v. Warren's Family Drive-Inns, Inc.,* 680 P.2d 733, 735 (Utah 1984).

## ANALYSIS

¶ 7 Sanders argues that because the property equity issue was neither pleaded nor tried by consent, the trial court erred in determining the equity amount. A trial court's findings should fit "within the framework of the petition as originally drawn, or as amended" and should be supported by the evidence presented. *In re Behm's Estate,* 117 Utah 151, 213 P.2d 657, 663 (1950). Under rule 15 of the Utah Rules of Civil Procedure, a trial court may infer an amendment to the pleadings if the issue is tried by the Parties' express or implied consent. *See* Utah R. Civ. P. 15(b). "Implied consent to try an issue may be found where one party raises an issue material to the other party's case or where evidence is introduced without objection, [and] where it appear[s] that the parties understood the evidence [was] to be aimed at the unpleaded issue." *Colman v. Colman,* 743 P.2d 782, 785 (Utah Ct.App. 1987) (second and third alterations in original) (citations and quotations omitted). "A trial court may not base its decision on an

issue that was tried inadvertently." *Archuleta v. Hughes,* 969 P.2d 409, 413 (Utah 1998) (citations and quotations omitted); *see also Combe,* 680 P.2d at 736 (holding that a "court may not grant judgment for relief which is neither requested by the pleadings nor within the theory on which the case was tried").

¶ 8 In the instant case, in its ruling denying Sanders's motion to amend the judgment, the trial court concluded that while "neither party [had] presented evidence of the property's actual or appraised value at trial," both Parties "put at issue the value of the real property at issue in the lawsuit." We disagree.

¶ 9 In his complaint, Lee asked the trial court to determine, inter alia, "the relative equitable value of each parties [sic] contribution to the investment property." Lee also asked the court for "an accounting and determination of all partnership proceeds." However, the thrust of Lee's prayer for relief is found in his request for a determination that he possessed sole interest in the property, thus entitling him to an order quieting title in his name. We have thoroughly reviewed both the complaint and the answer and can nowhere find any language that would empower the trial court to determine the actual value of the property or to reduce the Parties' relative interests to a money amount. We therefore conclude that the trial court erred in determining that value had been put at issue in the pleadings.[1]

¶ 10 Moreover, while it is true that a trial court may infer an amendment to the pleadings when the Parties try an issue by express or implied consent, "[a] trial court may not base its decision on an issue that was tried inadvertently." *Archuleta,* 969 P.2d at 413 (citations and quotations omitted). Here, we have reviewed the trial record and, absent Sanders's unsuccessful attempt to introduce an appraisal of the property into evidence, there is nothing to suggest that the Parties ever presented the issue of Property value to the trial court. Accordingly, to the extent

---

1. The trial court's ruling seems to suggest that both Parties placed the value of the property at issue. However, Sanders filed only a responsive pleading, i.e., an answer. Through this document, Sanders asked only that the trial court order the property sold and the resulting equity divided equally between the Parties. This request lends no support to the trial court's conclusion.

that the trial court may have relied either upon evidence submitted by the Parties, or trial testimony, to support its decision, the trial court erred in deciding the issue of the property's value.

■ ¶ 11 Finally, even assuming that the issue of the Parties' relative equity interests was properly before the court, we can see nothing in the record to support the trial court's adoption of any figure, let alone the figure actually adopted by the trial court. "The term 'equity' is described as the money value of a property or of an interest in property in excess of claims or liens against it. . . . It is the value in excess of [the] mortgage or other liens." *Land v. Land,* 605 P.2d 1248, 1251 (Utah 1980) (footnotes omitted). Here, after hearing all of the testimony and examining all of the evidence, the trial court found

> that per exhibit 23 the purchase price of the property was $51,296.75 as of September 14, 1994. The Court also finds that from exhibit 16, as of October 31, 1996, the time of separation of the Parties, $50,-135[.]78 was due and owing on the property. Subtracting that amount from the original price, the Court finds that the equity established in the property by the evidence is $1,160.97.
>
> . . . .
>
> Considering the evidence, the court finds that based upon principles of equity and partnership, the Parties, though unmarried should divide equally the amount of equity found by the Court.

■ ¶ 12 As previously discussed, neither party successfully introduced evidence of the property value through either an appraisal or an expert opinion. In fact, as evidenced by the trial court's decision, the only information concerning the "value" of the property focused on the price the Parties paid for the property in 1994 and the amount owing at the time the Parties separated. In a time of fluctuating property values, real estate equity cannot be determined simply through the examination of changes in mortgage principal

over time, as the trial court has done here. Therefore, had the trial court been properly presented with the issue of relative equity interests, its equity determination was improper.

¶ 13 Accordingly, we reverse the trial court's decision to determine the Parties' relative monetary interests in the property and remand for further proceedings consistent with this decision.

¶ 14 I CONCUR: RUSSELL W. BENCH, Judge.

DAVIS, Judge (dissenting):

¶ 15 I believe the trial court did not err in determining the equity value of the property. Because the equity of the home was an issue from the beginning, the parties had adequate notice that it would be part of the litigation. *See Berger v. Berger,* 713 P.2d 695, 699 (Utah 1985) (holding that the trial court did not abuse its discretion where value was an issue at trial and the court's valuation was based upon evidence presented and a suggested valuation method). In fact, Sanders made an attempt to present documentary market valuation evidence, which the trial court, in response to Lee's objection, deemed inadmissible hearsay. Sanders also attempted to testify regarding an appraisal performed in 1997; however, in response to a similar objection, the testimony was not allowed. Thereafter, Sanders made no further attempts to produce or present any additional evidence.[1] Clearly, the issue was before the court and Sanders cannot now argue that it was an abuse of discretion for the trial court to have reached the issue.

¶ 16 Further, it is not an abuse of discretion for a trial court to base its valuation of property solely on evidence presented by one party where the other party failed to provide contrary evidence. *See Elman v. Elman,* 2002 UT App 83, ¶ 32, 45 P.3d 176; *see also Argyle v. Argyle,* 688 P.2d 468, 470–71 (Utah 1984) (holding that the party objecting to the valuation method has the burden of offering further evidence). "Having failed to produce

---

1. The evidence admitted included the original mortgage balance, the mortgage balance at the time of separation, and a 1999 County Property Tax Valuation that was not relevant because of the time period it represented.

such evidence, [Sanders] may not claim that the trial court erred in considering the information [supplied]." *Argyle*, 688 P.2d at 470.

¶ 17 I would therefore affirm the trial court and find that the issue of valuation was clearly before the trial court and that the trial court did not err in determining the equity value based upon the evidence presented.