2003 UT App 241

Ellen ANDERSON, as personal representative of the Estate of D.C. Anderson; Dan Scott; Ellen Anderson, personally; and Jeanne Scott, Plaintiffs, Appellees, and Cross–Appellants,

v.

Eugene E. DOMS and Michael R. McCoy, Defendant, Appellant, and Cross–Appellee.

No. 20010712–CA.

Court of Appeals of Utah.

July 10, 2003.

Rehearing Denied Aug. 28, 2003.

---

Larry R. Keller, Salt Lake City, for Appellant.

Larry A. Kirkham, Sandy, for Appellee.

Before BILLINGS, Associate P.J., BENCH, and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

¶ 1 Defendant Eugene Doms appeals from the trial court's Modified Judgment and Minute Entry. The trial court's ruling was based on this court's decision in *Anderson v. Doms*, 1999 UT App 207, 984 P.2d 392. On appeal, Doms argues the trial court erred when it refused to award him interest paid under a trust deed note. In response, Plaintiffs (collectively, Anderson) cross-appeal on several issues. We affirm in part and reverse in part.

---

**1.** Doms and Michael McCoy were the original purchasers of the property. Domcoy, a company formed by Doms and McCoy, also had an interest in the property for a period of time.

**2.** The Warranty Deed executed by Anderson included a warranty against encroachments. This warranty was breached by the existence of several encroachments and easements on the property.

## BACKGROUND

¶ 2 This is the third time this case has been before this court. The facts are described in detail in *Anderson v. Doms,* 1999 UT App 207, 984 P.2d 392 (*Anderson II* ). We set forth only those facts pertinent to this appeal.

¶ 3 Anderson, the seller of a parcel of property in Park City, Utah (the property), first filed suit in this matter in June 1985, after Doms [1] stopped making scheduled payments owed to Anderson pursuant to the Trust Deed Note (the Note) securing payment of the purchase price for the property. Doms stopped payments as a result of a breach of contract by Anderson.[2] After the trial court denied Doms's request to rescind the contract, both parties appealed on several grounds. This court issued a Memorandum Decision in November 1994 remanding the case to the trial court for findings of fact regarding prejudice Anderson had suffered because of Doms's delay in seeking rescission. *See Anderson v. Doms,* No. 920653–CA, slip op. (Utah Ct.App. Nov. 4, 1994) (*Anderson I* ). The trial court again denied Doms's request for rescission and Doms appealed. In *Anderson II,* this court concluded "the trial court's findings do not show that plaintiffs were prejudiced," *Anderson II,* 1999 UT App 207 at ¶ 18, 984 P.2d 392, and stated, "the trial court should order rescission and determine an appropriate remedy in connection with rescinding the contract." *Id.* at ¶ 24.

¶ 4 Accordingly, the trial court complied with *Anderson II* in its Modified Judgment and Minute Entry (Judgment)[3] and ordered rescission of the contract. Because Doms was the successor in interest to McCoy and Domcoy, the trial court held that he was

---

**3.** Before the trial court considered the case on remand, Anderson filed a petition for rehearing in August 1999, which this court denied. Anderson then filed a petition to the Utah Supreme Court for certiorari, which was denied in January 2000.

entitled to payments made for the property, including the earnest money, the down payment, and taxes, all to accrue 10% interest from the date of the payments. However, Doms was denied recovery of interest-only payments made on the Note.[4] Upon full payment to Doms, he was required to reconvey the property to Anderson.

¶5 In the current appeal, Doms argues that, in addition to the trial court's award, he should have been awarded his interest-only payments made on the Note. Anderson cross-appeals, arguing that rescission was an improper remedy and that the trial court erred in declining to award rental value to Anderson, awarding prejudgment interest, and failing to allocate the burdens among the Anderson Plaintiffs. Anderson also raises several other previously litigated issues.

## ISSUES AND STANDARDS OF REVIEW

■ ¶6 Doms argues that the trial court erred by denying him recovery of the interest-only payments made on the Note.

The goal of rescission is to restore the status quo that existed prior to the parties' agreement. . . . "How [the status quo] is to be accomplished, or indeed whether it can, *is a matter which is within the discretion of the trial court* under the facts as found to exist by the trier of fact."

*Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.,* 850 P.2d 447, 457 (Utah 1993) (footnote omitted) (quoting *Dugan v. Jones,* 724 P.2d 955, 957 (Utah 1986)).

■ ¶7 On cross-appeal, Anderson argues the trial court erred when it denied him an award for fair rental value of the property during the period Doms was in possession. Because no evidence was presented, "[w]hether an issue was properly before the trial court" is reviewed as a question of law. *Lee v. Sanders,* 2002 UT App 281, ¶6, 55 P.3d 1127. A trial court may not speculate, but must base its decision on evidence presented by the parties. *See id.* at ¶12 (finding trial court's determination improper where it had no evidence before it).

■ ¶8 Next, Anderson argues the trial court erred when it awarded Doms prejudgment interest. "The trial court's decision regarding entitlement to prejudgment interest is a question of law, which this court reviews for correctness. As such, we accord no deference to the trial court's decision." *Lefavi v. Bertoch,* 2000 UT App 5, ¶23, 994 P.2d 817.

■ ¶9 Finally, Anderson argues several issues previously decided by this court. "Under the law of the case doctrine, issues resolved by this court on appeal bind the trial court on remand, and generally bind this court should the case return on appeal after remand." *Gildea v. Guardian Title Co. of Utah,* 2001 UT 75, ¶9, 31 P.3d 543.

## ANALYSIS

### I.   Rescission

¶10 Doms argues that the trial court failed on remand to correctly implement this court's decision in *Anderson v. Doms,* 1999 UT App 207, 984 P.2d 392 (*Anderson II*). In its Judgment the trial court ordered rescission, but denied Doms a return of interest—only payments made on the Note. Doms maintains that, pursuant to *Anderson II* and the remedy of rescission, he should have been awarded all payments made on the property, including the interest—only payments. In support of this argument he cites this court's statement, "[w]e therefore remand this issue to the trial court for a determination and award to Doms of the net payments paid by him less rental value plus interest." *Id.* at ¶21 (footnote omitted).

■ ¶11 Rescission is a restitutionary remedy that attempts to return parties to the status quo. "The goal of rescission is to restore the status quo that existed prior to the parties' agreement. The status quo rule . . . 'is equitable, and requires practicality in adjusting the rights of the parties.'  " *Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.,* 850 P.2d 447, 457 (Utah 1993) (citation omitted); *see also Breuer–Harrison, Inc. v. Combe,* 799

---

4. The Note required monthly interest payments through January 10, 1985, at which time the entire principal and interest were due.

P.2d 716, 731 (Utah Ct.App.1990) ("Rescission is a restitutionary remedy which attempts to restore the parties to the status quo to the extent possible or as demanded by the equities in the case."). Because of the equitable nature of rescission, there is not one precise formula that applies to all rescission cases. *See Dugan v. Jones,* 724 P.2d 955, 957 (Utah 1986) ("[T]he status quo 'is not a technical rule, but rather it is equitable.' " (quoting *Smith v. Huber,* 666 P.2d 1122, 1124 (Colo.Ct.App.1983))).

¶ 12 In this case, the trial court ordered rescission of the contract, but denied Doms a return of the interest-only payments. The trial court stated, "Payments made on the Trust Deed Note which were interest payments shall not be recoverable by Defendant Doms.... The Court cannot see a legal basis for allowing this interest on the Trust Deed Note to be returned to Defendant Doms...."

¶ 13 Part of our inquiry, therefore, is determining if there is, in fact, a legal basis for the award of interest payments as part of a rescission judgment. At the hearing, the trial court stated that it was inclined to follow the reasoning in *Libassi v. Chelli,* 206 A.D.2d 509, 615 N.Y.S.2d 75 (N.Y.App.Div. 1994), in which the New York court granted rescission but denied the buyers recovery of interest paid on their purchase money mortgage. *See id.* at 77. The trial court looked to other jurisdictions because no Utah cases are directly on point. Accordingly, we also look to cases from other jurisdictions.

¶ 14 In *Libassi,* the court ordered rescission of a contract because of the buyers' admission to allegations of fraud. *See id.* at 76–77. The sellers alleged they were misled into believing that the buyers intended to build two single-family homes on the land, rather than the intended 42–unit housing development. *See id.* at 76. The sellers were "both the transferors of [the] property" and "the creditors of the buyers," who were purchase money mortgagees. *Id.* at 77. As part of the rescission remedy, the court held the terms of the loan should be enforced: "There is no reason in law or in equity why the terms of this loan should not be enforced." *Id.* As a result, the court did not allow the buyers to recover interest paid under the mortgage and ordered them to pay interest accrued but not paid. *See id.* at 76–77. The court did not specifically state that it was enforcing the loan because of the buyers' fraud, but did note that the buyers' fraud was "essential to the sellers' request for rescission." *Id.* at 77.

¶ 15 In contrast, the sellers committed fraud in *Putman Constr. & Realty Co. v. Byrd,* 632 So.2d 961, 963 (Ala.1992), and the court therefore allowed the buyers to recover interest payments made to the seller pursuant to a promissory note. *See id.* at 968. The buyers in *Putman* requested rescission of a contract to purchase a multi-tenant office complex based on the sellers' fraud. *See id.* at 962–63. The court held that the most equitable result would be a reconveyance of the property, subject to buyers' mortgage. *See id.* at 968. Because the "buyers incurred ... substantial out-of-pocket costs to finance a transaction that was born out of the sellers' fraud," the buyers were also entitled to recover these costs. *Id.* Therefore, the award included interest payments paid to the sellers. *See id.* This rescission remedy was explicitly based on the sellers' fraud. *See id.*

¶ 16 In the case before this court, fraud was not alleged. Rather, rescission was requested based on the seller's breach of contract. In cases where rescission is based on the seller's breach, courts often consider both that the buyer may have received something of value through the possession or use of the property, and that the seller may have received something of value through the use of the buyer's money. "[R]estitutionary ideas would suggest that [the buyer] would be required to 'restore' the value of ... possession by paying the vendor its rental value, and that he would be entitled in return to recover the money he has paid the vendor and interest on it." 3 Dan B. Dobbs, Law of Remedies § 12.11(2) (2d ed.1993). Several courts have applied this principle in rescission cases, offsetting the value of the use of the land against the value of the use of the money.

¶ 17 For instance, in *Ohio Valley Trust Co. v. Allison,* 243 Pa. 201, 89 A. 1132 (1914), the buyer requested rescission based on the sell-

er's breach of contract. *See id.* at 1133. The land had been used to sell agricultural implements, grain, feed, and lumber, and some of the buildings on the land required improvements. *See id.* Rescission was granted by the trial court, but interest the buyer paid on the balance of the purchase money was not refunded. *See id.* at 1134. On appeal, the sellers argued that the judgment should have been reduced because the buyer occupied and used the property. *See id.*

> [A] claim for the return of interest paid on the balance of the purchase money was refused by the trial judge upon the ground that the [buyer] could not have the use and occupancy of the property, and at the same time secure a return of the interest paid upon the purchase money. The one seems to have fairly balanced the other.

*Id.* The judgment was affirmed.[5] *See id.*

¶ 18 Also, in *Bechard v. Bolton,* 316 Mich. 1, 24 N.W.2d 422 (1946), the buyers sought to rescind a contract to purchase land upon learning of defects in the title. *See id.* at 422–23. Rescission was granted on appeal. *See id.* at 423. However, because "the [buyers] had the right of possession to the property from the date of the contract and have used it to a considerable extent," the court allowed an offset of the rental value of the property against the interest and taxes paid. *Id.*

¶ 19 Finally, in *Potter v. Oster,* 426 N.W.2d 148 (Iowa 1988), the buyers brought suit to rescind their contract with the seller, "claiming restitution damages for all consideration paid." *Id.* at 150. The seller was purchasing land under an installment contract, and sold a portion of that land to the buyer under a similar agreement. *See id.* at 149. The buyers made all their installment payments, including 8.5% interest, and paid the taxes and insurance. *See id.* at 149–50. They also improved the property, which they used as a residence and for farming. *See id.* at 150. When the seller defaulted in his payments to the original owner, the land, including the buyers' portion, was repossessed. *See id.* at 149–50.

¶ 20 The trial court awarded the buyers rescission "and return of the consideration paid including principal and interest, cost of improvements, closing expenses, and taxes." *Id.* at 150. Six years' rent was deducted from this amount. *See id.* The appellate court upheld the ruling, holding that the goal of rescission—"[r]estoring the status quo"—was met because the buyers were awarded "a sum representing all they had paid under the contract rendered worthless by [the seller's] default." *Id.* at 152.

¶ 21 In most of the above cases, rental value, or use and occupation value, was offset by interest paid. The exception is *Libassi v. Chelli,* 206 A.D.2d 509, 615 N.Y.S.2d 75 (N.Y.App.Div.1994), where the buyers acted fraudulently. *See id.* at 76–77. However, in this case the trial court reasoned that just as a buyer who borrowed from a lending institution would be required to pay interest to that lending institution, so too should Doms be required to pay interest to Anderson where the Note obviated the need for a lending institution. Based on this reasoning, the trial court denied Doms a return of the interest-only payments made on the Note. However, this reasoning is not consistent with the majority of cases we have discussed, nor with Dobbs's treatise on remedies.

¶ 22 From these cases, we find particularly pertinent the observations that interest paid constitutes an "out-of-pocket cost[ ] to finance a transaction," *Putman Constr. & Realty Co. v. Byrd,* 632 So.2d 961, 968 (Ala.1992), and that interest is part of the "consideration paid." *Potter,* 426 N.W.2d at 150. Thus, we glean from these sources the following legal principles: (1) the remedy of rescission includes recovery of interest paid; and (2) the interest paid may be offset by benefits accruing to the buyer or may be denied in whole or part on an equitable basis, such as fraud on the part of the buyer. As a result, the trial court's legal premise for denying recovery of interest is error. We recognize that rescission is an equitable remedy, subject to an abuse of discretion standard of

---

**5.** In *Ohio Valley Trust Co. v. Allison,* 243 Pa. 201, 89 A. 1132 (1914), the offset was allowed despite no evidence having been offered to establish the value of the property's use. As stated later in this opinion, we treat a similar lack of evidence differently.

review. However, given the goal of restoring the status quo, a deviation from that goal must be justified by the circumstances of the case.

¶ 23 Because no fraud was alleged in this case and there is no articulation of an equitable basis to deny recovery of interest, the trial court should have awarded Doms his interest-only payments on the Note. We find no facts nor findings in this case to justify otherwise. Moreover, as discussed below, if Doms had paid the entire purchase price to Anderson, he would have been entitled to prejudgment interest on that amount. The prejudgment interest would likely be roughly equivalent to the recovery of the interest-only payments. We therefore conclude that the trial court exceeded its discretion in this regard and reverse this portion of the trial court's decision.

## II. Anderson's Cross Appeal

### A. Rental Value Offset

¶ 24 On cross-appeal, Anderson argues the trial court erred when it refused to award him fair rental value of the property during the period Doms had possession and use of the property. As discussed above, in rescission cases courts frequently offset payments made by the buyer against the use or rental value of the property. *Cf. Bellon v. Malnar*, 808 P.2d 1089, 1096 (Utah 1991) (holding interest on the contract was allowed as alternative to fair rental value of property in forfeiture case).

¶ 25 In this case, the trial court's Judgment specifically states that it

> finds the record is completely devoid of any basis for rental value for this raw ground which had never been used in any way by Defendant Doms. Therefore, the Court declines to reduce the Judgment in this case by any rental value, finding there is no fair rental value to be placed upon the property.

Where no evidence is presented, a trial court may not speculate, but must base its decision on evidence presented by the parties. *See Lee v. Sanders*, 2002 UT App 281, ¶ 12, 55

P.3d 1127 (finding trial court's determination improper where it had no evidence before it).

¶ 26 Further, an offset was clearly inappropriate in this case. Other courts have refused an offset in rescission cases where nothing of value was received or there was no evidence of value. *See Metcalfe v. Talarski*, 213 Conn. 145, 567 A.2d 1148, 1152–53 (1989) (holding there is no implied legal right to compensation for rent or use and occupancy in rescission case where rescinding party received nothing of value through use or occupation); *Hyler v. Garner*, 548 N.W.2d 864, 874 (Iowa 1996) (holding buyers entitled to rescission of contract, although trial court did not err when it refused a deduction for plaintiff's use of property because "no evidence in the record ... would permit the trial court to calculate such a deduction"); *Kracl v. Loseke*, 236 Neb. 290, 461 N.W.2d 67, 77 (1990) (stating "a court must be presented with relevant evidence which establishes the fair rental value of the premises" before an offset will be allowed). In this case, Anderson did not offer any evidence to demonstrate that the unimproved land had any use or occupation value. Indeed, Doms never used or occupied the land. While Anderson may have been able to demonstrate that the land had rental value, perhaps as a campground or a vegetable garden, he did not attempt to do so. Therefore, he cannot now complain that the trial court erred when it did not find the land had a rental value. We uphold the trial court's ruling that the land had no rental value, and therefore no offset was appropriate.

### B. Prejudgment Interest

¶ 27 Anderson also maintains that the trial court erred when it awarded Doms prejudgment interest on the earnest money, down payment, and taxes. "The trial court's decision regarding entitlement to prejudgment interest is a question of law, which this court reviews for correctness. As such, we accord no deference to the trial court's decision." *Lefavi v. Bertoch*, 2000 UT App 5, ¶ 23, 994 P.2d 817. The trial court awarded prejudgment interest at 10% from the date payments were made.[6]

---

**6.** Under Utah Code Annotated section 15–1–1(2) (2001), 10% is the applicable legal rate of inter-     est.

¶ 28 This court has held, "A prejudgment interest award is proper when 'the damage is complete, the loss can be measured by the facts and figures, and the amount of loss is fixed as of a particular time.'" *Id.* at ¶ 24 (citation omitted). In this case, the amounts paid were fixed and recorded by the parties and, therefore, are not uncertain or ascertainable only by a fact finder. Accordingly, we affirm the trial court's award of prejudgment interest.

## C. Law of the Case

¶ 29 Anderson argues numerous other issues in his cross-appeal,[7] many of which have already been litigated and decided by this court. "Under the law of the case doctrine, issues resolved by this court on appeal bind the trial court on remand, and generally bind this court should the case return on appeal after remand." *Gildea v. Guardian Title Co. of Utah,* 2001 UT 75, ¶ 9, 31 P.3d 543. The Utah Supreme Court has stated that, among other things, "[t]he doctrine was developed ... 'to avoid the delays and difficulties involved in repetitious contentions and reconsideration of rulings on matters previously decided in the same case.'" *Id.* (quoting *Thurston v. Box Elder County,* 892 P.2d 1034, 1037 (Utah 1995)). Therefore, under the law of the case doctrine, we decline to consider Anderson's other arguments which have all been decided by former appeals in this case.[8]

## CONCLUSION

¶ 30 We reverse the trial court's refusal to award Doms interest-only payments made on the Trust Deed Note. A review of the case law reveals that interest may be recoverable absent fraud by the buyer. In order to return the parties in this case to the status quo—the goal of rescission—interest-only payments made on the Note should be returned to Doms.

¶ 31 We affirm the trial court's decision to deny Anderson an award for the fair rental value of the property during the period Doms was in possession. Because Anderson failed to present evidence demonstrating that the unimproved land had any use or occupation value, the trial court's finding was not error. The trial court's award to Doms of prejudgment interest on the award was also not error. Finally, based on the law of the case doctrine, we decline to consider other issues raised by Anderson on cross-appeal, as these issues have been litigated and decided.

¶ 32 I CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge.

BENCH, Judge (concurring and dissenting):

¶ 33 I dissented in our earlier decision in *Anderson v. Doms,* 1999 UT App 207, 984 P.2d 392 (*Anderson II* ). In *Anderson II,* I would have affirmed the trial court's determination that laches barred the remedy of rescission. Largely because I lost that battle, I concur with the main opinion's treatment of Anderson's cross-appeal.

¶ 34 I respectfully dissent, however, from the main opinion's ruling on Doms's appeal. When *Anderson II* was remanded, the trial court dutifully ordered rescission, but denied Doms recovery of the interest-only payments made from 1982 through 1984 on the Trust

---

7. One of Anderson's arguments is that the trial court erred by not allocating the burdens among the Plaintiffs under the ordered rescission. Anderson cites no authority for this position. A similar argument was made in *Puskar v. Hughes,* 179 Ill.App.3d 522, 127 Ill.Dec. 880, 533 N.E.2d 962 (1989). Rescission was granted, and the plaintiffs maintained the court should have allocated the rights of the various parties. *See id.* 127 Ill.Dec. 880, 533 N.E.2d at 966. The court stated, "Plaintiffs have cited no authority for this proposition and it is without merit.... [A]s between the parties, upon rescission plaintiffs must return all consideration under the contract ....

We express no opinion as to the relative rights as between [the parties]...." *Id.* Similarly, the trial court in this case was not required to allocate the burdens.

8. The law of the case doctrine generally will be enforced unless "there has been an intervening change of controlling authority, ... new evidence has become available, or ... this court's prior decision was clearly erroneous and would work a manifest injustice." *Gildea v. Guardian Title Co. of Utah,* 2001 UT 75, ¶ 10, 31 P.3d 543. None of these circumstances applies in this case.

Deed Note.[1] I would affirm that decision as being within the trial court's broad discretion to implement the equitable remedy of rescission.

¶ 35 The main opinion cites cases from other jurisdictions in constructing its technical rule that "the remedy of rescission includes recovery of interest paid," which can be denied only where the buyer is involved in something like fraud. I am not certain whether that is the rule in other jurisdictions. But I do know that there has never been any such limitation on the trial court's discretion in Utah. Utah's approach to the remedy of rescission was very carefully articulated in *Ong International (U.S.A.) Inc. v. 11th Avenue Corp.*, 850 P.2d 447, 457 (Utah 1993) as follows:

> At trial, plaintiffs elected the remedy of rescission. The goal of rescission is to restore the status quo that existed prior to the parties' agreement. The status quo rule "is not a technical rule, but rather it is equitable, and requires practicality in adjusting the rights of the parties. How this is to be accomplished, or indeed whether it can, *is a matter which is within the discretion of the trial court* under the facts as found to exist by the trier of fact." The trial court therefore has discretion to fashion an adequate and reasonable remedy so that an aggrieved party is adequately compensated for its loss, so long as that remedy is not duplicative.

*Id.* (citations omitted).

¶ 36 An example of Utah's approach is found in *Dugan v. Jones*, 724 P.2d 955 (Utah 1986). In *Dugan*, the trial court "disallowed [the] defendants interest on payments made on the purchase price for the period before rescission on the expressly stated ground that [the] defendants had the use and possession of the property." *Id.* at 957. Our supreme court considered this remedy and concluded that it was "eminently fair and equitable," given the trial court's discretion. *Id.*

¶ 37 In ordering rescission of the 1982 contract in the present case, I believe the trial court properly exercised its "discretion to fashion an adequate and reasonable remedy." *Ong International*, 850 P.2d at 457. Particularly because of the lengthy passage of time, and because Doms had the exclusive use and possession of the property, it was within the trial court's discretion to decide " '[h]ow [status quo] is to be accomplished, or indeed whether it can.' " *Id.* (quoting *Dugan*, 724 P.2d at 957). I would therefore affirm the judgment of the trial court in its entirety. Alternatively, this case should be remanded so the trial court can apply the new standard here announced for the first time.

1. The trial court awarded Doms the $10,000 earnest money, the $72,500 down payment, the taxes he had paid on the property, and prejudgment interest. On appeal, Doms seeks to add to that an award for $72,520 in interest-only payments made on the Trust Deed Note. He also claims he is entitled to over 20 years of interest on that sum of "well over $400,000."